## WILLIAMS *v.* YOUNG.

THE Homestead Act applies to Mulattoes.

The husband or the wife may set up the fact of homestead as a defense to eject-ment based upon a Sheriff's deed of the premises, made in pursuance of an execution sale on a judgment at law against the husband—there having been no abandonment of the homestead.

Where the lien of the vendor for the purchase money has attached to property before it acquired its character of homestead, neither husband nor wife can hold the property except in subordination to the lien.  But this lien gives no right of entry or title ; it is a mere right to subject the property to sale—the title and right of possession remaining with the debtors until such sale.

The title to the property in such case cannot be acquired by a sale under execution on a *judgment at law* for the purchase money in the usual form ; because such a sale is not an enforcement of the lien.  The title, which comes from an enforcement of the lien, can only enure after *chancery proceedings* to settle the sum due and have the lien declared and a sale decreed.

APPEAL from the Ninth District.

Ejectment for a lot of ground and house in the town of Shasta. Plaintiff deraigns title through the Sheriff of Shasta county, from a sale made by him on a judgment in favor of plaintiff against B. B. Young—now deceased—the husband of defendant.

The defendant answered by a general denial ; and also claimed the premises as a homestead.

Upon the trial of the case, the plaintiff offered in evidence the judgment roll in the case of *L. Williams* v. *B. B. Young*, showing a judgment against the late husband of defendant and in favor of plaintiff on a note dated July — 1857, for nine hundred dollars, and also a deed from H. C. Stockton, Sheriff of Shasta county, to plaintiff of the premises in question.   There was evidence tending to show that this judgment was in part for the purchase money of the property—Williams having, at the time of Young's purchase, a mortgage on the premises, executed by one Harrill, and the sale to Young being negotiated by Williams and Harrill.

The Court finds that new arrangements were made between these parties and the notes given to plaintiff, on which judgment was obtained ; and that three hundred and ninety dollars of the amount was a balance due on the original purchase money ; and that the notes taken from Young originally were for the benefit of plaintiff.

Young and wife occupied the premises as a homestead from 1855 until his death, which occurred after the Sheriff's sale and before the deed; and she has continued to occupy them ever since.

Further facts appear in the opinion of the Court. The Court below held, that plaintiff's judgment, execution, sale, and deed gave him a *prima facie* title to the premises, and showed defendant to be a naked trespasser; and that although this title could be defeated by proof that B. B. Young owned the property and occupied it with his wife as a homestead, yet in fact the proof shows that the purchase money was never paid, and is due plaintiff, and that this fact defeats defendant's title, makes her still a trespasser, and enables plaintiff to maintain his action.

Judgment for plaintiff. Defendant appeals.

*James D. Mix*, for Appellant.

If the plaintiff has, as claimed by him, an equitable lien on the premises in question, he cannot claim the same in this form of action.

The plaintiff stands in no better position than a stranger would who has purchased under a simple money judgment at the Sheriff's sale, and has by the deed of the Sheriff acquired no other rights than those conferred by the judgment and sale under it. Such judgment gives no lien upon the premises, and in this proceeding the purchaser under that judgment can claim none. This action is brought by him on his title acquired from the Sheriff, and on that title his action must stand or fall. The lien of the plaintiff could only be enforced, if at all, by a direct action in equity.

*P. L. Edwards*, also for Appellant.

I.  The fact of the defendant being a colored person or mulatto does not prevent her right of homestead. In this respect, neither the Constitution nor the statute distinguish as to color. All heads of families are within the protection of the Constitution, (art. 11, sec. 15) and the act of the Legislature makes no distinction.

Colored persons may marry, etc., even in slave states. (*Free Frank and Lucy* v. *Denham's Ad'mr.*, 5 Litt. 330.)

II.  The plaintiff cannot assert his alleged vendor's lien in

ejectment. In this action he must recover upon his legal title alone.

The supposed lien was a bare equity, which could only be asserted in a Court of Equity. The only estate which the plaintiff could acquire under the Sheriff's sale to him must have been purely legal; and the homestead right set up by the defendant was equally of a legal character. Neither the plaintiff in his complaint nor the defendant in her answer has invoked the aid of chancery, and therefore both stand upon their legal rights. (*Walker* v. *Sedgwick*, 8 Cal. 398.)

The lien of a vendor for the purchase money is not of so high a nature as that of a judgment creditor, for the latter binds the land according to the common law, whereas the former is a mere creature of a Court of Equity. It is a right which has no existence until it is established by the decree of the Court in the particular case, and is there made subservient to all other equities between the parties, and enforced in its own peculiar manner and on its own peculiar principles. It is not, therefore, an equitable estate in the land itself, although the appellation is loosely applied to it. (2 Sug. on Vendors, 857, note 1; *Pratt* v. *Van Wyck*, 6 Gill & Johns. 495.)

The vendor has a simple equity raised and given by the Court— not *created* by the intention or contract of the parties—and it is not a lien for all purposes until a bill has been filed to assert it. (1 Leading Cases in Equity, 278 and note.)

The Sheriff's deed could only pass the legal title, if it could pass even that.

*R. T. Sprague*, for Respondent.

The right of homestead cannot attach as against a claim for the purchase money due from the party claiming the homestead. (*Dillon* v. *Byrne*, 5 Cal. 455; *Lassen* v. *Vance*, 8 Id. 271; *Carr* v. *Caldwell*, 10 Id. 380, and cases there cited; Wood's Dig. 483, sec. 2.)

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

1. This was ejectment for a lot in Shasta; the defendant, as

widow of one Young, claiming a right of homestead under the late law in respect to homesteads. She and her late husband were mulattoes; and the point was made below that the Homestead Act did not apply to such persons. But, even if the plaintiff, claiming through her husband, could raise this objection, we think there is nothing in it. Neither the Constitution nor the act of the Legislature makes a distinction in this respect, and the Courts have no authority to do so.

2. The plaintiff claims through a Sheriff's deed, made upon a sale by execution under judgment against Williams, who, in his lifetime, held with his wife, the defendant, possession of this property as a homestead.

If this property was the homestead of the family it could not be sold at forced sale; and the wife—there having been no abandonment of the premises, might set up this fact; as might, indeed, the husband himself, as against the claim of the purchaser at such sale. But it is said that the judgment under which the sale was had was obtained for all or a portion of the purchase money. The respondent insists, and the learned judge below held, that this circumstance is enough to give the purchaser here the right to the property as against the tenant under the homestead claim. Unquestionably, if this purchase money constituted a debt which was a lien on the property before the homestead character attached to it, neither the husband nor the wife could hold this property except in subordination to this lien. But the mistake is in supposing that the lien gives any right of entry or title; it is a mere hold, or a claim to subject the property to sale—the title and the right of possession remaining with the debtors until such sale. It is, also, a mistake to suppose that a sale by the Sheriff, under judgment at law for the purchase money in the usual form, is an enforcement of this lien. The Sheriff merely sells the interest of the defendant in the property when that interest is a leviable estate; but the sale does not pass the equity which the plaintiff had to have the land sold to pay the purchase money, which was a charge upon it. The title, which comes from the enforcement of the lien, can only enure after proceedings to enforce the lien; and there must be a proceeding in the nature of a chancery suit to settle the sum due, and have the lien declared and a sale decreed. This does not seem to have been done.

Judgment reversed and cause remanded.