TUNSTALL, *executor, &c., v.* JONES.

APPEALS—*exceptions.* Where a defendant moves to set aside a sale, under an execution, upon a motion, answer and reply, and no motion is made for a rehearing, or a new trial, and no error is in any manner designated, there is *no case* presented for the consideration of this court. *State Bank v. Conway, 13 Ark., 354.* Approved.

VENDOR'S LIEN—*homestead.* A vendor's lien is in the nature of a trust.

Equity regards the vendee as holding the estate in trust for the payment of the purchase money.

The trustee can not *set up* an adverse title, or do any thing which can place him in a position inconsistent with the interests of the trust. or which has a tendency to interfere with his duty in discharging it.

A *homestead*, exempt as such from sale under execution, may still remain subject to the vendor's lien.

The bare existence of a *vendor's lien* upon a homestead does not remove the exemption and subject the property to sale under execution.

*Appeal from Jackson Circuit Court.*

Hon. L. L. MACK, Circuit Judge.

BYERS & COX and GARLAND & NASH, for appellant.

WATKINS & ROSE, for appellee.

HARRISON, J.

This was a motion by James W. Jones, in the Jackson circuit court, to set aside and vacate the sale of certain parcels of land, and the levies thereon, made by virtue of four executions, from that court, against him, in favor of James M. Tunstall, as executor of William W. Tunstall, deceased, upon the ground that the land was part of his homestead, and as such exempt from execution.

Tunstall and the purchaser, Solomon G. Kitchen, filed an answer to the motion, denying that the land sold was a part of the homestead, and setting up a vendor's lien upon it for the payment of the moneys recovered by the judgments upon which the executions issued.

To the answer Jones replied in short upon the record.

Upon the hearing of the matter, as thus presented, the court set aside the sale and quashed the levies. Tunstall and Kitchen excepted to the judgment of the court, and setting out in their bill exceptions the motion and answer, together with the evidence, appealed to this court.

No motion was made for a rehearing, or new trial, and no proposition was submitted to the court or declared by it as the law applicable to the case, and no error in the proceedings is in any manner designated or pointed out.

18

We are therefore unable to determine, by the record before us, whether the court deemed the facts alleged in the answer not proven, or considered them unavailable as a defense. This case, though a collateral proceeding, is, therefore, clearly within the rule established in *State Bank v. Conway*, 13 *Ark*., 344, and approved and followed in quite a number of decisions since; but we have thought it proper to direct our attention to so much of the answer as sets up a vendor's lien as a defense.

The lien of the vendor is in the nature of a trust, and equity regards the vendee as holding the estate in trust for the payment of the purchase money, and he can not set up any adverse title, or "do any thing which can place him in a position inconsistent with the interests of the trust, or which have a tendency to interfere with his duty in discharging it." 1 *Story Eq. Jur.*, *sec*. 322. And therefore, though by the appropriation of the land as a homestead, it becomes exempt from execution, it still continues subject to the lien.

But this lien is the mere creature of a court of equity, growing out of the sale and non-payment of the purchase money, predicated upon the principle that one who has gotten the estate of another ought not, in conscience, to be allowed to keep it and not pay the consideration money. "It is not, strictly speaking," says Judge STORY, "either a *jus in re* or a *jus in rem*, that is, it is not property in the thing itself, nor does it constitute a right of action for the thing. It more properly constitutes a charge upon the thing." 2 *Sto. Eq. Jur.*, *sec*. 1215; 1 *Hil. on Mort.*, 626.

Being then so purely an equitable right, it can only be established by a decree of a court of equity, and enforced in its own peculiar manner, and upon its own peculiar principles. The court, in *Pratt v. Van Wyck*, 6 *Gill & John.*, 498, say: "It is a relief offered only, then, on the ground that the claimant is remediless in a court of law. If the vendor can, by any proceeding at law, recover the amount due him, chancery never interferes to enable him to assert his equitable lien. His reme-

dy at law must be first exhausted, or it must be shown that none exists there." See, also, *Engler & Matthews v. Crabbs*, 2 *Md.*, 154.

It is, therefore, manifest that the bare existence of the lien. had no such effect as to remove the exemption and subject the homestead to sale under the executions.

No error being shown by the record, the judgment of the court below is affirmed.