## DANIELS v. SMITH et al.

No. 3071.    Decided November 26, 1917.    (169 Pac. 267.)

1. FRAUDULENT CONVEYANCES—HOMESTEAD. An owner's conveyance of his homestead to his wife, with intent to defraud his creditors, does not affect his right to claim a homestead exemption in the property conveyed.[1]    (Page 149.)

2. FRAUDULENT CONVEYANCES — HOMESTEAD — DECLARATION. Under Comp. Laws 1907, section 1149, providing that failure to make a homestead declaration shall not impair the homestead right, a husband's failure to make such declaration is immaterial in a creditor's suit to set aside the homestead's fraudulent conveyance to his wife.[2]    (Page 149.)

3. CREDITORS' SUIT—FUTURE JUDGMENTS—SECURITY. In creditor's suit, defendant cannot be required to deposit stock with clerk of court as security for future judgments which plaintiffs may obtain to satisfy rentals not yet due.    (Page 150.)

Appeal from District Court of Weber County, Second District; *Hon. J. A. Howell,* Judge.

Creditor's suit by Max Daniels against Emory A. Smith and Ethel Blickensdorfer Smith.

Judgment for plaintiff. Defendants appeal.

REMANDED with directions.

---

[1] *Crosby* v. *Anderson,* 49 Utah 167, 162 Pac. 75.
[2] *Nielsen* v. *Peterson,* 30 Utah 391, 85 Pac. 429.

*George Halverson* for appellants.

*A. T. Sanford* for respondent.

## APPELLANTS' POINTS

The court found that defendants had filed no homestead exemption claim. That is not a finding on an issue upon which we were entitled to a finding (*Everett* v. *Jones,* 32 Utah, 489: *Dillon Implement Co.* v. *Cleveland,* 32 Utah 1; *Munsee* v. *McKellar,* 39 Utah, 282,) and if it should be considered as such finding, we submit that it is erroneous. Under the decisions of this court it is not necessary to file any homestead claim as contemplated in such finding. *(Volker-Scowcroft Lumber Co.* v. *Vance,* 32 Utah 74; 125 Am. St., 828.)

All the other real property of Emory A. Smith, or his wife, was lawfully disposed of, and this was all the real property held by either, and under the answer, and under the evidence, both claimed a homestead. Since creditors have no recourse against the homestead or exempted property, fraud cannot be predicated on a conveyance of it, even though voluntary. *(Luhrs* v. *Hancock,* 57 P. 605; *Yardley* v. *San Joaquin Valley Bank,* 86 P. 978; *Nicholson* v. *Nesbitt,* 88 P. 725; *Barnett* v. *Knight,* 3 P. 747; *Wilson* v. *Taylor,* 31 P. 697; *Freeman* v. *Funk,* 117 P. 1024; *Merchants' National Bank* v. *Kaplin,* 42 P. 263; *Kershaw* v. *Willey,* 98 P. 908.)

## RESPONDENT'S POINTS

This claim of homestead exemption cannot be allowed for several reasons:

1. While there is some conflict of authority, yet many cases hold that where there is an attempted fraudulent conveyance of property, it defeats the right of exemption, which the grantor might have had. *(Bohn* v. *Weeks,* 50 Ill. App. 236; *Chandler* v. *Jessup,* 31 N. E. 1109; *Wyman* v. *Gay,* 37 Atlantic 325; 60 Am. State Report 238; *Stevenson* v. *White,* 5 Atlantic 148; *Tillman* v. *Sanborn,* 59 N. H. 290; *Inhoffs Appeal,* 13 Atlantic 279; *Bynard* v. *Curlin,* 1 Humph. [Tenn.] 466; *Pipe*

v. *Johnson,* 12 Minn. 67; *Chamberlain* v. *Sallio,* 29 Ark.
407.)

2.   A debtor may lose the benefit of exemption laws by con-
cealment of his property or other fraud, against his creditors.
*(Cassie* v. *Williams,* 12 Ill. 387;. *Kreedens Estate* 13 Atlantic
279; *Smith* v. *Emerson,* 38 Penn. State 190; *Gullibard* v.
*Rhodd,* 34 Penn. State 264; *Row* v. *Sharpless,* 33 Gratt. Va.
153.)

FRICK, C. J.

This is a creditor's suit against the defendants, who are hus-
band and wife.   The purpose of the action was to have certain
conveyances of real estate made by the husband to the wife
declared void as against the plaintiff, and to have the proceeds
which the wife obtained for said real estate declared to be held
in trust by her for the use of her husband, and that the same
be applied to satisfy the plaintiff's judgments which he had
obtained against the husband.   Briefly stated, the controlling
facts are as follows:

On the 14th day of October, 1912, the plaintiff and the
defendant Emory A. Smith entered into an agreement whereby
said Smith leased from the plaintiff certain premises in Salt
Lake City for the term of five years, commencing on the 1st day
of November, 1912, and ending on the 1st day of November,
1917.   Mr. Smith agreed to pay as rent for said premises the
sum of $9,675 in monthly installments as provided in the lease.
At the time the lease was entered into Mr. Smith represented
to the plaintiff that he owned real estate in Weber County,
Utah, of the value of $15,000.   Mr. Smith went into pos-.
session of the demised premises, and some time in April, 1913,
he asked permission from the plaintiff to assign the unexpired
term of the lease to a corporation which he proposed to organ-
ize.   While the plaintiff gave such permission, yet it was given
upon the express condition that Smith should not be released
from the obligation to pay the rent on the demised premises as
he had agreed.   No corporation was formed, but Smith sub-
sequently assigned the lease to one Peterson upon the condi-

tion, however, that Smith was to be held for the rent. On the 12th day of May, 1913, Smith conveyed to his wife, the other defendant in this action, by proper deed of conveyance, seven separate parcels of real estate, being all of the real estate owned by him, for the nominal consideration of $1. We remark that it is conceded by the defendants that the conveyance was voluntary and without consideration, and the court found in that connection that the conveyance was made ''for the purpose of hindering, delaying, and defrauding his [Smith's] creditors and particularly the plaintiff herein on account of the obligation existing by virtue of the lease'' aforesaid, which finding is amply sustained by the evidence. The deed aforesaid was executed and acknowledged on the 12th day of May, 1913, but was not recorded until the 18th day of May, 1914. On the 6th day of September, 1913, Mr. Smith's wife sold one of the seven parcels of real estate which her husband had deeded to her as aforesaid and received therefor the sum of $3,650. In April, 1914, she sold another of said parcels and received the sum of $3,500 therefor, and in September, 1914, she sold still another of said parcels, for which she received the sum of $7,100. The wife, after the foregoing conveyances, held in her own name, four of the seven parcels of real estate which had been conveyed to her by her husband as aforesaid. The combined value of said four parcels was agreed to be $2,650 or $2,700. The wife, with a part of the proceeds derived from the three parcels of land sold as aforesaid, purchased stock in a certain corporation of the par value of $8,000. While the action was pending, or, perhaps, after judgment was entered in this case in the court below, three of the four parcels of land still retained by the wife were sold, with the consent of the plaintiff, and the proceeds derived therefrom were brought into court to await the final determination of this action. The rent was paid either by Mr. Smith or by Mr. Peterson, the assignee of the plaintiff, to the end of June, 1914, and since that time no rent has been paid on the demised premises. The plaintiff instituted three several actions against the defendant Smith and his assignee, Peterson, to recover the unpaid rent and has obtained judgments in

said actions as follows: In the first action he obtained judgment for $327, including costs, in the second action he recovered judgment for $371.60, and in third action for $388, amounting in the aggregate to $1,086.60. The plaintiff has thus obtained judgments for the rent for the full period of time ending December 31, 1914. Before the bringing of this action executions were duly issued on all of the judgments against both Smith and Peterson, which executions have all been returned unsatisfied for want of goods and chattels, etc. It also was made to appear that Mr. Smith had disposed of all of his personal property, and had expended the proceeds received therefor to support his family.

The defendants in this action claim the one parcel of land still held in the name of the wife, and the proceeds of the parcels which were sold with the plaintiff's consent as aforesaid, the aggregate value of which proceeds and parcel of land amount to the sum of $2,600 or $2,700, as exempt as a homestead under our statute which allows all heads of families a homestead exemption not exceeding a certain value, or, in case the homestead has been sold, then, in lieu thereof, the proceeds derived therefrom not exceeding the value aforesaid for the period of one year. The amount of homestead exemption Mr. Smith is entitled to under our statute is as follows: $1,500 for himself, $500 for his wife, and $250 for each minor child dependent upon him for support. He has a wife and five minor children dependent upon him. He therefore would be entitled to claim a homestead exemption amounting to the sum of $3,250. The district court, however, found that in view that Mr. Smith was guilty of fraud in disposing of his property that by reason of that fact he was prevented from successfully claiming a homestead exemption in the property conveyed to his wife, and hence denied his claim of homestead exemption. The court further found that the wife held all of the property conveyed to her by her husband, and the proceeds derived therefrom as before stated, in trust for him, and entered judgment requiring the wife—"to indorse said stock [purchased as aforesaid] in blank and deliver the same to the clerk of this court, * * * to be held by the clerk of this court pending the

final determination of any action which may be brought for the purpose of recovering rent due the plaintiff from the defendant Emory A. Smith upon the lease set out in the complaint and findings, and that the plaintiff may have any execution which may be issued upon any judgment which he may hold or hereafter recover against the defendant Emory A. Smith upon said lease, levied upon said stock, and said stock so deposited shall be subject to execution or garnishment and sale as the stock and property of the defendant Emory A. Smith.''

Both the husband and wife appeal from the judgment.

Among other things, they insist that the court erred in finding that the conveyance of said real estate was made with the intention to defraud the plaintiff. The contention is not tenable. The evidence is ample to sustain the court's findings in that regard.

It is next urged that the conclusions of law and judgment are erroneous because there is neither evidence nor finding that Peterson, the assignee of the lease, was insolvent. We are of the opinion, however, that this contention must also fail. While it is true that there is no direct evidence of Mr. Peterson's insolvency, there, however, is ample indirect evidence to justify such a finding.

It is further contended by the appellants that the court erred in disallowing their claim of homestead exemption. In our judgment the contention is well founded. We have held in a recent case (*Crosby v. Anderson*, 49 Utah, 167, 162 Pac. 75), which holding is correctly reflected in the headnote, that: 1, 2

"The fact that the owner of the homestead has conveyed it with intent to defraud his creditors does not affect his right to claim a homestead exemption in the premises so conveyed.''

The mere fact, therefore, that Mr. Smith conveyed the land, a portion of which is claimed by him as exempt, to his wife to defraud the plaintiff, as found by the court, does not deprive him of the right to claim a homestead exemption in the premises so conveyed. The only legal effect of the conveyance was to transfer the title from the husband to the wife. If Mr.

Smith had not conveyed the premises now claimed as a homestead he could have claimed them, or the proceeds thereof, as the case might be, as exempt, and there certainly is no good reason why he may not do so, although he has transferred the title thereof to his wife. In the eye of the law the plaintiff is not affected any differently now than he would have been had Smith retained the title to the premises now claimed as exempt. Nor is the finding made by the court, ''that the defendants, or either of them, have not filed and recorded any claim of exemption or homestead right in the manner provided by the statutes of the state of Utah,'' of importance in this case. Comp. Laws 1907, section 1149, expressly provides that ''a failure to make such declaration shall not impair the homestead right.'' The making and filing of a declaration of homestead is important only in case where the homestead is incumbered or conveyed by a married person who holds the title thereof without the consent of his spouse as provided in section 1155, and as pointed out in *Nielsen* v. *Peterson*, 30 Utah, 391, 85 Pac. 429. The district court, therefore, erred in refusing to allow Mr. Smith's claim of homestead exemption in the parcel of land still held by the wife and in the proceeds derived from the parcels which were sold with plaintiff's consent as hereinbefore stated. We remark that under our statute a homestead exemption may be claimed by the head of the family in one or in several parcels of land to the amount or value allowed by our statute. It is only fair to respondent's counsel and to the district court to state that this case was decided by the court below before the decision in *Crosby* v. *Anderson*, supra, was handed down by this court.

Finally, it is contended that the district court erred in requiring Mr. Smith's wife to indorse and deposit with the clerk of the court the corporate stock held by her as hereinbefore stated and in adjudging that said stock was subject to any future judgments that might be obtained by the plaintiff for rent not then due and reduced to judgment.

Counsel for respondent, in support of the judgment, has cited and relies on 12 Cyc. 630, 633, 634, 14 Am. & Eng. Ency. of L. (2d Ed.) 341, *Huntington* v. *Jones*, 72 Conn. 45, 43 Atl. 564,

*Bronson* v. *Thompson,* 77 Conn. 214, 58 Atl. 692, and *Burn-ham, Munger & Co.* v. *Smith,* 82 Mo. App. 35. Neither the text in Cyc. nor in Am. & Eng. Ency. of L. support the contention, nor are the foregoing cases in point. The first two cases cited have no application to the question, and the third one merely states the exceptions to the general rule, that before a court of equity will grant relief in a creditor's suit the plaintiff must have reduced his claim to judgment and must have exhausted his legal remedies. The exceptions are also fully stated in the annotator's notes to the case of *Ziska* v. *Ziska,* 20 Okl. 634, 95 Pac. 254, 23 L. R. A. (N. S.) 80, 84. The exceptions, however, do not go to the extent that a court of equity may grant the plaintiff in a creditor's suit relief in respect to claims not yet due. Indeed, all the cases we have been able to find on the subject after an exhaustive research are to the contrary. In *National Bank* v. *McCormick* (N. J.) 44 Atl. 706, it is held that in a creditor's suit the court cannot grant plaintiff relief upon a judgment which was obtained subsequent to the commencement of the action. In *Claflin* v. *French,* 28 N. J. Eq. 383, it is held that the plaintiff in a creditor's suit is not entitled to a lien on the debtor's property for a debt not reduced to judgment at the time the action was commenced. In that case, as in this, a part of plaintiff's claim had been reduced to judgment when the creditor's suit was commenced, but the plaintiff also sought to reach the debtor's property to satisfy the amount of a promissory note past due, but not reduced to judgment, and the court held that the plaintiff was not entitled to a lien on the debtor's property for the amount of the note, but was limited in that regard to his claim which was in judgment when the creditor's suit was commenced. While there are several exceptions to the general rule that before a creditor can sustain a creditor's suit in a court of equity he must have reduced his claim to judgment and have exhausted his legal remedies, yet the only exception that is of importance here is the exception that, under a statute like ours, where both legal and equitable relief may be granted in the same action, the general rule does not apply in its full rigor and to its full extent. It has been expressly so held in

Georgia and in other states where statutes like ours are in force. *Booth* v. *Mohr,* 122 Ga. 333, 50 S. E. 173; *De Lacy* v. *Hurst,* 83 Ga. 223, 9 S. E. 1052. The same doctrine is stated in 8 R. C. L. pp. 25, 26. All that is held in those cases, however, is that where a plaintiff alleges that the defendant has transferred his property with the intent to defraud his creditors, and the plaintiff seeks to assail such transfers for fraud, he need not first reduce his claim to judgment, but may sustain the action and obtain such relief as upon the evidence he may be entitled to, and that by the bringing of an action he obtains a lien on the defendant's property as against him and as against those who are parties to the action or who have legal notice of its pendency. That, however, falls far short of giving the plaintiff relief as against claims not yet due and on which actions could not be maintained when the creditor's suit was commenced, as in the case at bar. While it is true that injunctions are granted in aid of creditor's suits by which the disposition of property is restrained, yet, when that is done, the plaintiff is always required to execute a good and sufficient bond to protect the person restrained from loss or damage. Under certain circumstances a receiver may also be appointed in such suits to take charge of certain property or assets and to dispose of them under the order and direction of the court in which the action is pending. When that occurs a bond is also required from the receiver which protects the rights of the defendant or any one claiming some interest in or right to the property affected. In this case, however, the court required the wife of Mr. Smith to deliver all of the stock held by her to the clerk of the court, to be held by the latter until the plaintiff may institute further actions and until he shall recover judgments on claims not yet due. In our opinion the court did not have the power to do that, and hence it erred in requiring the wife to surrender more stock than was necessary to satisfy plaintiff's judgments on which this suit is based. To sustain the district court's conclusions of law and judgment in that regard would compel the debtor to secure his debt, not yet due, by order of court, when he may have declined to do that by refusing to enter into a contract to that effect. Courts are

instituted to enforce the payment of debts that are due and payable, and not to enter judgments compelling debtors to secure debts not yet due. True, such claims, under certain conditions, may sometimes be protected in anticipation of judgments, but it may not be done as was attempted in this case.

For the reason stated, the findings of fact, conclusions of law, and judgment should be, and they hereby are, modified to the extent that the same are contrary to the views herein expressed, and in all other respects the same are affirmed. The case is therefore remanded to the district court of Weber County with directions to modify the findings of fact, conclusions of law, and decree so as to make them conform to the views herein expressed; that is, to allow the defendants' claim of homestead exemption to the extent provided by our statute out of the parcel of land still held by the wife and out of the proceeds of the parcels which were sold pending this action with the consent of the plaintiff, and to modify the conclusions of law and judgment so as to relieve therefrom the amount of corporate stock in excess of what is necessary to satisfy the judgments on which this action is based. Appellants to recover their costs on appeal.

McCARTY, CORFMAN, THURMAN and GIDEON, JJ., concur.