## UTAH BUILDERS' SUPPLY CO. v. GARDNER.

No. 5445. Decided December 15, 1934. (39 P. [2d] 327.)
Rehearing denied March 15, 1935.

For opinion denying petition for rehearing, see 86 U. 257; 42 P. (2d) 989.

*O. H. Matthews*, of Salt Lake City, for appellant.

*Thomas & Thomas*, of Salt Lake City, for respondent.

FOLLAND, Justice.

Appellant by this appeal is seeking to preserve the premises involved as a homestead for herself and family. She is a widow, the head of the family, having two minor children who reside with her. The family now and for many years past has occupied the premises as a home. Respondent furnished certain labor and materials at appellant's request in repairing and remodeling the house on the premises in dispute. Payment not being made, respondent filed for record a mechanic's lien and subsequently commenced this action for the foreclosure of such lien. The appellant filed a demurrer to the complaint which was overruled, but failed

to plead further and suffered her default to be entered. Judgment was entered in favor of respondent for the amount prayed with attorney's fees and costs, for foreclosure of the lien, and for the sale of the premises in satisfaction of the judgment. After judgment was entered appellant was adjudged a bankrupt in the United States District Court, in which proceeding the premises in suit were declared exempt as a homestead. Notice was duly served on the sheriff of Salt Lake county of such bankruptcy proceedings and that appellant claimed her homestead and statutory exemptions. Notwithstanding such notice, the property was sold at sheriff's sale to the respondent. After expiration of the statutory period for redemption and delivery of sheriff's deed, respondent demanded possession of the premises from appellant, who had continued to reside therein with her children. Possession was refused. Thereupon the district court, on petition therefor, issued its writ of assistance directing the sheriff to evict appellant. The appellant then filed a petition in the district court praying that the writ of assistance be quashed and that the premises involved be set aside as exempt as her homestead. To this petition respondent filed a demurrer which was sustained. The petition was thereupon dismissed and appeal taken.

On this appeal it is contended by appellant the premises are exempt by reason of her claim of homestead and also by reason of the exemption of such premises in the bankruptcy proceedings. It is urged by respondent that the bankruptcy proceeding did not stay or abate the proceedings for foreclosure of the lien or discharge the lien, and that all claims of appellant, including her claim of homestead, were concluded by the decree of foreclosure. It is not disputed that Mrs. Gardner and her family lived on the premises and that she was entitled to claim homestead by timely action, but it is contended by respondent that by its complaint, seeking to foreclose the mechanic's lien, she was required to set up any claim she had to the premises including her claim of homestead; that by reason of her failure so to do before judgment

and order of sale, the judgment is res adjudicata on that issue and she may not successfully assert her homestead exemption claim after judgment.

The only question we need to determine is whether or not the homestead claimant by failing to set up her claim to the homestead exemption prior to entry of the foreclosure judgment is precluded from thereafter making or setting up such claim. For the purpose of this decision it may be assumed that in the main action to foreclose a mechanic's lien the appellant had the right to set up her homestead claim, and if pleaded and proved, such would have afforded her a complete defense, not to the debt and a judgment against her for the amount of the indebtedness, but to the decree of foreclosure subjecting the premises to the lien and the order of sale in satisfaction of the judgment.

It is undoubtedly the general rule, as urged by respondent, that a valid judgment for plaintiff is conclusive not only as to defenses which are set up and adjudicated, but also as to those which might have been raised, so that a defendant can neither set up such defense in a second action between the same parties nor in a further proceeding in the same action. *Everill* v. *Swan*, 20 Utah 56, 57 P. 716; 34 C. J. 856, 859.

In this jurisdiction, however, there is an exception to the general rule in the case of homestead exemptions where the issue is not actually presented and decided. In *Payson Exch. Sav. Bank* v. *Tietjen et ux.*, 63 Utah 321, 225 P. 598, 600, it was held:

"* * * the homestead claimant is not required to assert his claim in any particular action or proceeding, but may assert his rights either in the original action or in any subsequent action or proceeding."

The Tietjen Case is in point and is decisive of the question here. In that case the plaintiff bank first obtained a judgment against Jesse E. Tietjen for the amount of a debt owing to it. After execution had been issued and returned unsatisfied, the bank brought suit against Jesse E. Tietjen, his wife,

and two others, to set aside a deed of conveyance by which Tietjen had conveyed certain real estate to his father, one of the other defendants, which conveyance was alleged by the bank to have been without consideration and conceived and executed in fraud of its rights as a judgment creditor. Defendants made defense that the conveyance was bona fide and for a valuable consideration. Jesse E. Tietjen failed to assert any claim of homestead until after the decree setting aside the conveyance and ordering the property sold in satisfaction of the judgment had become final. Defendant Tietjen then petitioned the court to have the order of sale eliminated from the decree for the reason that the property ordered sold was claimed by him as a homestead. The court refused to set aside the order of sale because coming too late and an appeal was taken.

This court conceded the trial court was without power to modify the decree at the time application was made for its modification, but proceeded to the merits of the claimed exemption, and said:

"It has become the settled law of this state that an execution levied upon premises constituting the homestead of a judgment debtor is absolutely void, not merely voidable. *Antelope Shearing Corral Co.* v. *Cons. Wagon & Mach. Co.*, 54 Utah 355, 180 P. 597."

The case also held that a judgment cannot become a lien upon the judgment creditor's homestead, that an execution or attachment levied thereon is void, and therefore

"an order of sale entered by the court is equally impotent. It would be strange doctrine to hold that a judgment is without legal force, that an execution is absolutely void, but that an order of sale is effective to reach the homestead. The fact, however, is that in legal effect an order of a court directing a sale of exempt property is stillborn, and like an execution, is without any effect whatever."

In that case there was no issue joined with respect to the homestead rights of the defendant prior to judgment, although the defendant could have defended the action on the ground that the property was his homestead and the judg-

ment creditor had no concern in its disposition by the claimant. The court said:

"A homestead cannot be made the subject of attack by a creditor upon the ground that it was sold or conveyed in fraud of such creditor."

In other cases this court has held that the fact an owner of a homestead had conveyed it with intent to defraud his creditors did not affect his right to claim a homestead exemption in the premises so conveyed. *Crosby* v. *Anderson,* 49 Utah 167, 162 P. 75; *Daniels* v. *Smith,* 51 Utah 144, 169 P. 267.

Undoubtedly the homestead claimant in the Tietjen Case could have defended the suit to set aside the conveyance of the homestead property by alleging that the property was his homestead, and therefore it was no concern of the judgment creditor whether he conveyed it without consideration or in fraud of creditors.

The failure of a homestead claimant to assert his claim at the first opportunity, in court proceedings where it would have been proper for him to have done so, was held not to preclude him from afterwards asserting such claim in *Hansen* v. *Mauss,* 40 Utah 361, 121 P. 605. The statement of facts in that case discloses that Jens S. Hansen had been sued by Miller-Cahoon Company in the justice's court for debt. On the same day suit was filed a writ of garnishment in aid of attachment was issued. The constable attached certain moneys in the possession of one Hannum, who was the purchaser of Hansen's equity in real property whereon he resided and which Hansen afterwards claimed as exempt from execution. Before judgment Hansen stipulated that an amount equal to the amount claimed by plaintiff be paid into court and held to abide the decision of the justice. No claim was then made, or before judgment, that the money was the proceeds of sale of defendant's homestead. After judgment defendant notified the constable he claimed the money paid into court as exempt from execution because part of the pro-

ceeds of sale of his homestead. In disregard of this notice the money was paid the judgment creditor. Suit was then brought by Hansen to recover from the constable and the creditor the money so paid. The defendants contended that Hansen had waived any right to claim a homestead exemption when he agreed and requested that the money be paid into court to abide the decision of the justice, without setting up his claim that the money was exempt. This court refused to approve such a contention, but held that notice of claim to a homestead exemption "may be given at any time before the money is finally applied in satisfaction of the judgment."

In view, therefore, that appellant had a right to assert her claim of homestead exemption either in the original action or in any subsequent proceeding, her right to assert it was not lost or waived by failure to defend the original action on that ground, but was timely raised when she notified the sheriff of her claim before he undertook to sell the premises under the order of sale, which claim was also urged by her in court on petition to quash the writ of assistance.

Under the Constitution, article 22, § 1, and statute, R. S. Utah 1933, 38-0-1 to 38-0-19, as interpreted and applied by this court, the head of a family is thus fully protected in his homestead rights to the value provided by statute, because such rights are "founded upon public policy for the protection of the home and the prosperity of the state, carrying out the policy of republics to encourage and multiply freeholders, the natural supporters and defenders of a free government," (*Volker-Scowcroft Lumber Co.* v. *Vance,* 32 Utah 74, 88 P. 896, 899, 125 Am. St. Rep. 828), a "homestead right is for the benefit of the family, and such right cannot be frittered away even by the head of the family" (*Payson Exch. Sav. Bank* v. *Tietjen,* supra), and because the "homestead exemption is not a privilege conferred upon the head of the family, but an absolute right." *Kimball* v. *Lewis,* 17 Utah 381, 53 P. 1037, 1039.

The judgment appealed from is reversed, and the cause remanded to the district court of Salt Lake county, with di-

rections to proceed in accordance with the views herein expressed.

Objection is made by respondent to the unnecessary length of the abstract furnished by appellant. The abstract, as pointed out in the brief of respondent, contains many matters which are entirely unnecessary on this, appeal. Costs are awarded to the appellant, but she will be allowed only one-half the cost of printing the abstract.

STRAUP, C. J., and ELIAS HANSEN, EPHRAIM HANSON, and MOFFAT, JJ., concur.