## BELL v. JONES

No. 6586.   Decided July 6, 1943.   (139 P. 2d 884.)

See 33 C. J. S. Execution, sec. 70; 26 Am. Jur., 67.

*Newell G. Daines,* of Salt Lake City, for appellant.

*Leon Fonesbeck,* of Logan, for respondent.

MOFFAT, Justice.

The facts, pleadings and judgment in this cause are fully stated in the opinion of Mr. Justice McDonough on the former appeal reported in *Bell* v. *Jones,* 100 Utah 87, 110 P. 2d 327, 330.

The sole question on this appeal is whether, on an execution issued upon a judgment for the payment of money only, the judgment holder may claim that the judgment is for a debt created for the purchase price of land claimed as a homestead by the judgment debtor, and prevail over the claim of homestead exemption and have the homestead sold to satisfy the judgment.

Based upon the fact that there were no allegations in the pleadings that the note sued upon was a purchase price note, this court ordered stricken from the judgment all reference thereto, saying:

"Since the action is simply one for judgment on the note * * * the judgment entered should be modified by striking therefrom the portion thereof to the effect that the judgment entered is for the balance of the purchase price of the described realty."

After remittitur was filed with the trial court, upon plaintiff's motion the court struck from the judgment all reference to the judgment being for "the balance due on the purchase price of the following described land," describing the land and water rights appurtenant thereto. Plaintiff Bell then had an execution issued on the judgment, which then stood as a money judgment only, and directed the sheriff to levy upon the land and sell the same. Defendant Jones then protested and claimed the property exempt as a homestead. 38-0-1, U. C. A. 1943. The sheriff demanded a bond to protect him; the bond was furnished; the sale was made and return duly filed with the clerk of the court. There was no authority in the execution to levy upon any property

described or subjected to any lien. The execution did not go beyond the terms of the modified judgment.

Defendant then filed a motion to vacate and set aside the purported sale, supporting the motion with affidavits, to which plaintiff filed counter-affidavits. The matter was heard and the sale set aside upon findings made and entered order of the court.

Plaintiff then filed a petition for an order of sale of the property levied upon, using the same description, reference to which had been stricken from the judgment for want of any pleading to support it. The petition was denied. This appeal is from both orders, setting aside the sale and denial of the petition for an order of sale.

Plaintiff, appellant here, has not improved his position since the filing of the remittitur. There is no pleading to support a purchase price claim. There is no word in the complaint from which it could be inferred that plaintiff claimed a lien on the land in question. Had plaintiff intended to claim a lien, it was his duty to allege the necessary facts so that the defendant, as well as the court, might be advised.

The case of *Pinchain* v. *Collard*, 13 Tex. 333, is very similar in its facts to the instant case, and the judgment accords with the position here taken. The case of *Williams* v. *Young*, 17 Cal. 403, bears upon the same point. There ejectment was brought by a holder of a sheriff's deed made upon a sale by execution issued under a judgment based upon a note without a pleading setting forth the claim for a vendor's lien, although the note was in fact given as evidencing part of the purchase price of the land sold under the execution. The court said:

"Unquestionably, if this purchase money constituted a debt which was a lien on the property before the homestead character attached to it, neither the husband nor the wife could hold this property except in subordination to this lien. But the mistake is in supposing that the lien gives any right of entry or title; it is a mere hold, or a claim to subject the property to sale—the title and the right of possession remaining with the debtors until such sale. *It is, also, a mistake to sup-*

pose that a sale by the Sheriff, under judgment at law for the purchase money in the usual form, is an enforcement of this lien. * * * The title, which comes from the enforcement of the lien, can only enure after proceedings to enforce the lien; and there must be a proceeding in the nature of a chancery suit to settle the sum due, and have the lien declared and a sale decreed." (Italics added.)

We find in *Tunstall* v. *Jones*, 25 Ark. 272, the following:

"The lien of the vendor is in the nature of a trust, and equity regards the vendee as holding the estate in trust for the payment of the purchase money. * * *
"Being then so purely an equitable right, it can only be established by a decree of a court of equity, and enforced in its own peculiar manner, and upon its own peculiar principles."

An execution or order of sale may not go beyond the terms of the judgment upon which it is based. The levying officer is bound to obey but cannot go outside the terms of his writ and take into consideration the question of the debt out of which the judgment arose. *Pincock, Sheriff* v. *Kimball, Judge*, 64 Utah 4, 228 P. 221; Freeman on Executions, 3rd Ed., Vol. 2, Sec. 249f.

The homestead claim was by the trial court properly sustained. The order setting aside the execution sale and denying the petition for an order of sale were properly made.

Judgment of the trial court is affirmed. Costs to respondent.

WOLFE, C. J., and LARSON and McDONOUGH, JJ., concur.

WADE, Justice (dissenting).

I dissent.

The prevailing opinion holds that plaintiff's case cannot be considered on its merits because he failed in original complaint to allege that the debt on which he obtained his judgment was created for the purchase price of the property

which defendant now claims as a homestead. Thus the case is decided on a technicality and not on its merits, and the entire object of the litigation is defeated. I believe that it is the duty of all courts, where possible, to decide cases on their merits and not on a technicality. This rule, in my opinion, will not only affect this case but as long as the homestead claim may be asserted at any time many litigants who have a good defense thereto will be deprived of that defense because they failed to foresee that such a claim would be made. I believe that this rule violates a fundamental rule of pleading and changes what has been universal practice in this state in the past and which practice has been sanctioned by at least one decision of this court. There is no principal of law which requires such a decision.

It is a well established principle that a party need not anticipate and negative a defense which his opponent may interpose in the future, but may answer such defense when and if it is interposed. The main opinion requires that plaintiff must negative this defense in his original complaint or he will be barred from ever doing so, even though the defendant may claim his homestead at any time and there is no way that plaintiff could know that defendant will ever assert such a claim.

My experience in the courts of this state has shown many cases where the plaintiff has for the first time asserted his claim that his judgment was on a debt created for the purchase price of the property which defendant claims as homestead, after defendant has set up such claim. If my analysis of the case is correct, that is what was done in *Harris* v. *Larsen,* 24 Utah 139, 66 P. 782. In that case one Atwood conveyed certain land to Larsen at an agreed price of $1,500 and paid in cash $884 and gave a bill of sale for 16,000 lbs. of hogs. The hogs were never delivered but Atwood accepted a cow in lieu of 800 lbs. of hogs, and later brought suit and obtained judgment against Larsen for $276. Execution was issued on this judgment and the constable levied on and sold the real estate in question to one Agren, who conveyed to Harris. Harris brought an action in ejectment

and the trial court found that the property was Larsen's homestead and was therefore exempt from execution. This decision was reversed on appeal on the ground that the judgment under which Agren purchased the property was for a debt created for the purchase price thereof. In that case this question was litigated in the second action and therefore not in the first one. If this court had in that case followed the rule of the prevailing opinion, it would have held that since in the first action the plaintiff did not obtain a judgment to the effect that the debt therein sued upon was created for the purchase price of the property, he could not raise that question in the second action.

The statute does not provide for, or by implication require such a rule. 104-37-16 provides:

"No article or species of property mentioned in this chapter or in the title Homesteads is exempt from execution issued upon a judgment recovered for its purchase price, or any portion thereof, * * *."

And 38-0-1 provides:

"A homestead * * * shall be exempt from * * * execution or forced sale, except upon the following obligations * * * (2) judgments obtained * * * on debts created for the purchase price thereof."

Our statute does not expressly provide when or how a claim of homestead exemption must be made, nor does it provide when or how the claim that the judgment was obtained on a debt created for the purchase price of the homestead must be asserted. This court, however, has allowed the homestead claimant to assert his claim either in the original action or in any subsequent action or proceeding. *Utah Builders' Supply Co.* v. *Gardner,* 86 Utah 250, 39 P. 2d 327, 103 A. L. R. 928; *Payson Exchange Savings Bank* v. *Tietjen,* 63 Utah 321, 225 P. 598, thus making an exception to the general rule that a judgment is conclusive not only as to defenses that are adjudicated but as to those that might have been. Surely, in fairness to both sides the party against whom the claim is asserted should be able to avail

himself of the defenses to that claim which the statute gives him. The legislature has in two different statutes expressly provided that the homestead shall not be exempt from execution upon a judgment recovered for the purchase price. I believe that it is a good rule that the homestead claimant should be able to interpose this defense at any time, although in most states the homestead must be actually occupied as a home by claimant, and in many the claimant must claim it as a homestead before the judgment against him is obtained. We are going to great lengths to protect the homestead claimant when we cut off this kind of a defense because these facts were not alleged in the original action.

The cases cited in the prevailing opinion do not support the rule there announced. *Tunstall* v. *Jones*, 1868, 25 Ark. 272, merely holds that a vendor's lien is purely an equitable right which must be established in equity, which will not intervene unless a showing is made that there is no adequate remedy at law and that such showing can be made only by proof that plaintiff cannot by any proceedings at law recover the amount due him. No such showing being made, plaintiff could not recover.

*Pinchain* v. *Collard*, 1855, 13 Tex. 333, merely held that the trial court erred in ordering the homestead sold to pay the judgment, since the facts necessary to establish a vendor's lien were pleaded.

*Williams* v. *Young*, 1861, 17 Cal. 403, was action in ejectment, quite similar to *Harris* v. *Larsen*, supra, but decided the other way. The court held that a vendor's lien must be established and foreclosed by a suit in equity.

As noted above, our statute expressly provides that the homestead shall not be exempt from execution upon a judgment recovered for the purchase price thereof. It says nothing about a vendor's lien. 104-37-16 provides the same rule in the case of exempt personal property, where there is no lien. The above mentioned cases rely upon and discuss only a vendor's lien, they make no mention whatever of any statutory provision which provided that the homestead shall not

be exempt from execution on this kind of a judgment. True in cases of this kind the seller has a vendor's lien, but our statute expressly provides that this property may be reached by execution.