376 P.2d 390

**D. H. OLIVER, Plaintiff and Respondent,**

v.

**Charles Lee MITCHELL, Defendant and Appellant.**

No. 9658.

Supreme Court of Utah.

Nov. 30, 1962.

---

K. Samuel King, Salt Lake City, for appellant.

D. H. Oliver, Wayne L. Black, Salt Lake City, for respondent.

McDONOUGH, Justice.

Action for attorney's fees. From a judgment for plaintiff in the sum of $2,500 and an order vacating a stay of execution, defendant appeals.

In 1953 and 1954 the plaintiff, D. H. Oliver, represented the defendant, Charles Mitchell, throughout the prosecution of Mitchell on a charge of first degree murder. Mitchell was then impecunious but promised to pay Oliver when he could. In addition, at Mitchell's arraignment Oliver was appointed as counsel by the trial court. Mitchell was convicted by the jury of second degree murder and was sentenced to a term in the Utah State Prison. While in prison, Mitchell wrote letters to Oliver again promising to pay him for his services.

In January, 1957, Mitchell began receiving payments from the federal government as the insurance beneficiary of his brother, who had been accidentally killed while in the military service. By letter Mitchell informed Oliver he could not pay Oliver's attorney fee with this money until he was released from prison.

In August, 1961, Oliver garnished the insurance fund which was being held by prison officials in the form of government bonds, and brought this action to recover a fee for services rendered in defending Mitchell. On September 13, 1961, Mitchell's attorney moved for a release of garnishment as to funds in excess of Oliver's claim. This motion was denied. After filing an answer to an amended complaint, Mitchell's attorney again moved on December 5, 1961, to release the garnishment on funds in excess of the amount of Oliver's prayer. At the hearing of this motion and again on December 19, 1961, Mitchell's attorney moved for a release of garnishment on the grounds the assets were exempt from execution under Section 78–23–1(8), Utah Code Annotated, which exempts from execution: "All moneys, benefits, privileges or immunities accruing or in any manner growing out of any life insurance * * *."

This motion also made an offer to settle the matter by waiving the exemption to one half of the fund if Oliver would release the other half. On December 26, 1961, Mitchell's claim of exemption was denied and a release of garnishment of funds in excess of $3,000 was executed.

After the trial of the main case, the trial court found that a contract existed between the parties whereby Oliver was to represent Mitchell for a fee of $5,000; that Mitchell subsequently acquired the ability to pay and wrote letters acknowledging his indebtedness to Oliver; and that Oliver had not been paid. Judgment was entered in Oliver's favor for $2,500, interest and costs.

In a subsequent proceeding concerning a stay of execution ordered by the trial court, the court found that the funds in the hands of the garnishee were exempt from execution as insurance proceeds but that defendant had waived his exemption as to $3,000 of the fund.

Mitchell has appealed from both the judgment and from the order vacating the stay

of execution, contending that there is no basis in the law for the recovery of attorney's fees from a formerly indigent person represented by order of the court, and that the court's finding that defendant waived his exemption is not supported by the evidence.

With respect to the first contention, Mitchell argues that a court-appointed attorney may recover only from the public; that fees may be recovered only from persons who hire their attorney by choice; that no legal consideration exists from the promise to pay which is only a moral and not a legal obligation; and that an indigent's promise to pay his attorney is inconsistent with the constitutional provision which provides that: "In no instance shall any accused person, before final judgment, be compelled to advance money or fees to secure the rights herein guaranteed." [1]

We have been cited no authority and have found none supporting the foregoing arguments which hold that there is something criminal, illegal, or contrary to public policy about a contract made by an indigent criminal defendant with his court appointed attorney to pay for legal services rendered in defending a criminal prosecution. It is incontestable that plaintiff performed a valuable service for which there is usually a charge, and of which defendant freely availed himself without dissent and, indeed, for which defendant promised to pay. Granting the fact the court appointed Mr. Oliver as an officer of the court to act as defendant's counsel as a public service, and that a criminal defendant's right to counsel is absolute regardless of his ability to pay; does this relieve the defendant of his promise to pay when able? We know of no rule or reason why this should be held to convert into a mere moral obligation. Indigents are as legally competent to contract as other men and their procedural rights are the same not greater. A promise to pay his attorney is to the credit of an indigent defendant for as yet in Utah the court appointed defense attorney receives no compensation by the county or other public authority and he must rely exclusively on the possible future ability of his client to pay. In a majority of cases the client may never be able to properly compensate his attorney but this is no reason to prevent an attorney from recovering from one who can.

The judgment in the suit for attorney's fees is affirmed.

With respect to the finding that defendant waived his exemption, defendant asserts that the exemption applies to personal obligations of a life insurance beneficiary; that the exemption need not have been asserted until execution after judgment; that a waiver must be clear, unequivocal and supported by consideration; and that the

1. Utah Const. art. I § 12.

exemption is personal and cannot be waived by a person's attorney.

Plaintiff argues that there was some question as to the source and ownership of the funds which constituted sufficient consideration for the waiver, and that in any case, defendant waived his exemption by operation of law by having failed to claim the exemption in the first motions for release of garnishment. In addition, plaintiff contends that the evidence is unsufficient to prove the funds were insurance proceeds.

■ The finding that Mitchell's funds were within Section 78–23–1(8), Utah Code Annotated, has not been appealed. However, we think sufficient evidence was produced to prove the source of the funds and that under the broad wording of our statute, supra, there is no doubt but that the exemption applies to the beneficiaries of life insurance policies as well as to the insured.

■ We have no statute providing a formal time and manner for claiming an insurance exemption. However, there is no reason why the general rule should not apply to allow proof of exemption any time before sale.[2] Under this rule, Mitchell did not waive the exemption by his failure to assert it until after the denial of two previous motions for a release of garnishment made on other grounds.

■ The finding of the trial court that an express waiver had been made was based on a notice of hearing of a motion for release of garnishment in which Mitchell's attorney stated: "To settle this matter, defendant offers to waive his exemption as to one-half of said funds, if you will release the other half not later than December 20, 1961." In addition Mitchell's attorney made an oral offer of waiver at a hearing on December 26, 1961. This waiver was accepted and a release of funds in excess of $3,000 was executed.

■ We think this waiver valid. Under the circumstances of this case, there exists no public policy forbidding it. Defendant asserts a lack of consideration for the waiver but we are cited to no case holding that under like circumstances a waiver need be supported by consideration. The statutory exemptions are a debtor's privilege, the waiver of which, in favor of paying an honest debt, need not rest on consideration. In any case, legal consideration for the waiver can be found in the release of garnishment which spared defendant the inconvenience of proving the fund was exempt

2. 22 Am.Jur. Exemptions, Sec. 120 (1939); see Utah Builders' Supply v. Gardner, 86 Utah 250, 39 P.2d 327, 103 A.L.R. 928; 86 Utah 257, 42 P.2d 989, 103 A.L.R. 932 (1937).

14

before he could obtain a release of part of the money for the personal use of Mitchell.

The assertion that Mitchell's attorney lacked authority to partially waive the exemption is without merit.

Affirmed. Costs to respondents.

WADE, C. J., and HENRIOD, CALLISTER and CROCKETT, JJ., concur.