### GERLACH BANK v. ALLEN.

No. 5285.    Opinion Filed October 12, 1915.

(152 Pac. 399.)

1.    QUIETING TITLE—Petition—Sufficiency.  In an action to quiet title, where the petition alleges that the plaintiff is the owner in fee and in the actual peaceable possession of the property in controversy, describing the premises, and that the defendant claims an interest therein adverse to the plaintiff, by virtue of a certain judgment, and said judgment creates a cloud on the title thereto, it states a cause of action.

2.    HOMESTEAD—Liabilities—Judgments.  Where premises are impressed with the homestead character, a judgment lien does not attach to such premises subject to the homestead use.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Woodward County;*
*James W. Steen, Judge.*

Action by Ella Allen against the Gerlach Bank, a corporation. Judgment for plaintiff, and defendant brings error.    Affirmed.

*Hoover, Cowgill & Swindall,* for plaintiff in error.

*R. H. Nichols,* for defendant in error.

Opinion by RITTENHOUSE, C.    This action was instituted for the purpose of quieting title to certain land owned by plaintiff and claimed as a homestead, in which the plaintiff alleged that she was the owner in fee and in the actual possession of the property in controversy, describing it, and that on May 29, 1911, the defendant procured a judgment in the district court against her husband, F. L. Allen, and others, for $130.74, and costs of suit, and caused a certified transcript of the judgment to be filed with the clerk of the district court of Woodward county.    The petition further alleges that long prior to

the rendition of said judgment F. L. Allen was owner of said premises, occupied the same as a homestead, and continued to occupy the same as such homestead up to and including the 10th day of September, 1910, when he abandoned the plaintiff, and at the same time transferred the said homestead to her; that the premises were occupied by herself and children as such homestead during all the times mentioned in the petition; that prior to the rendition of the judgment F. L. Allen mortgaged the land; that subsequent to the rendition of the judgment and of the transfer to her of said premises said mortgage became due and payable; that the plaintiff is financially unable to pay the judgment; and that she cannot protect her homestead interests otherwise than by renewal of said mortgage, but that the mortgagee refuses to renew the same unless the cloud caused by the judgment be removed. This petition was challenged on the ground that the same did not state facts sufficient to constitute a cause of action, and from the overruling of the demurrer the defendant prosecutes this appeal.

This court has held in *Lawrence v. Estes et al.*, 29 Okla. 328, 116 Pac. 781, and in *Ziska v. Avey et al.*, 36 Okla. 405, 122 Pac. 722, that a petition which alleges that the plaintiff is the owner in fee and in the actual peaceable possession of the property in controversy, describing it, and that the defendant claims an interest therein adverse to the plaintiff, and that the claim of the defendant is a cloud upon the plaintiff's title thereto, sufficiently states a cause of action brought under section 6121, Comp. Laws 1909.

It is contended by the plaintiff in error that, admitting that the land was occupied as a homestead, yet,

51—24

under *Maloy et ux. v. Wm. Cameron & Co.,* 29 Okla. 763, 119 Pac. 587, this action to quiet title could not be maintained, for the reason that the judgment lien attached to the premises subject to the homestead use, and that the same retained its priority over subsequent liens, and could be enforced when the homestead use had terminated by sale or other abandonment. Section 883, Wilson's Rev. & Ann. St. 1903, was under consideration in the foregoing case, and Justice Williams, in writing the opinion of the court, called special attention to the fact that this section was not extended in force in this state by the Constitution. This being true, the reasoning advanced would have no application to the facts under consideration in this case. Galbraith, C., in writing the opinion for the court in the case of *Gray v. Deal,* 50 Okla. 89, 151 Pac. 205, in passing upon the validity of a judgment lien claimed against a homestead, says in conclusion:

"It follows, from a liberal, if not a literal, construction of the homestead exemption, that [such] a lien cannot attach to the homestead at all."

And if there is any doubt as to whether or not the case of *Maloy et ux. v. Cameron & Co., supra,* has any bearing on the facts in the case at bar, that doubt is set at rest by *Gray v. Deal.*

We conclude, therefore, that the petition states facts sufficient to constitute a cause of action, and the court properly overruled the demurrer.

The cause therefore should be affirmed.

By the Court: It is so ordered.