### HEDGPATH v. HUDSON et al.

No. 7325—Opinion Filed Oct. 17, 1916.

(160 Pac. 604.)

**1. Homestead—Liabilities Enforceable—Constitutional Provisions.**

The homestead exemption in the Oklahoma Constitution (section 303, Williams' Okla. Const.) protects the homestead of the family from forced sale for the payment of debts and from judgment liens, except for the purchase money, taxes, and work and material, and a debt created by mortgage executed by the husband and wife.

**2. Same—Transfer—Rights of Purchasers.**

The homestead may be sold and conveyed by the husband and wife jointly, and the purchasers will take the title free and clear from all judgment liens or debts, except those enumerated in the homestead exemption clause of the Constitution.

**3. Homestead—Extent of Rural Homestead —Value.**

Under section 302, Williams' Ann. Const., the limitation in value to $5,000, placed on the urban homestead, does not apply to the rural homestead, and the rural homestead is exempt from forced sale without regard to its value.

(Syllabus by Galbraith, C.)

Error from District Court, Caddo County; Will Linn, Judge.

Action by J. F. Hudson and another against M. B. Hedgpath. Judgment for plaintiffs, and defendant brings error. Affirmed.

Louie E. McKnight, for plaintiff in error.

Bristow & McFayden, for defendants in error.

Opinion by GALBRAITH, C. This was an action for an injunction to restrain the sale of real estate on execution. Wm. F. Means and Mattie L. Means were the owners of 160 acres of land in Caddo county, and resided upon the same as their homestead. The plaintiff in error, M. B. Hedgpath, sued them in an action of debt and secured a judgment. This judgment was unsatisfied, and the Means sold their homestead, and it was conveyed to the defendants in error. Hedgpath caused an execution to be issued upon his judgment and levied upon the land, and caused the same to be advertised for sale. The owners of the land brought action to restrain the sale. The judgment creditor answered in this action, admitting the sale and conveyance of the land, but contended that it was of the value of $10,000, and that the excess in the valuation of the homestead above $5,000 was subject to his judgment lien and the payment of his debt. A demurrer was interposed to the answer and sustained. To review that ruling the cause has been appealed to this court.

The one assignment of error is whether or not, under the Constitution of the state, the homestead in the country is limited in value to $5,000. Section 1, art. 12, of the Constitution (section 302, Williams' Const.), reads as follows:

"The homestead of any family in this state, not within any city, town or village, shall consist of not more than 160 acres of land, which may be in one or more parcels, to be selected by the owner. The homestead within any city, town, or village, owned and occupied as a residence only, shall consist of not exceeding one acre of land, to be selected by the owner: Provided, that the same shall not exceed in value the sum of $5,000, and in no event shall the homestead be reduced to less than one-quarter of an acre, without regard to value; and provided further, that in case said homestead is used for both residence and business purposes, the homestead interests therein shall not exceed in value the sum of $5,000. Provided, that nothing in the laws of the United States, or any treaties with the Indian Tribes in the state, shall deprive any Indian or other allottee of the benefit of the homestead and exemption laws of the state: And provided further, that any temporary renting of the homestead shall not change the character of the same when no other homestead has been acquired."

It will be observed that two classes or kinds of homesteads are provided for in the above section; one in the country, rural, the other in the city, town, or village, urban. The first sentence in the section defines the

rural homestead, prescribing its area, but does not fix any limitation on its value. The second sentence in the section and the two provisos therein contained refer to the urban homestead, and a maximum valuation is placed thereon. The third proviso in the section extends the benefit of the homestead exemptions to Indian allottees. The fourth proviso obviously refers to both kinds of homesteads.

It is scarcely necessary to refer to the rules of construction in order to ascertain the meaning of the above section of the Constitution, since its meaning is reasonably clear upon its face. However, if reference is made to debates of the constitutional convention, when this section was under consideration, conclusive evidence will be found that it was the express purpose of the convention to leave the rural homestead without restriction as to valuation, and to place a limitation only on the value of the urban homestead. The reason given for this apparent discrimination in favor of the rural over the urban homestead was the great value that city homesteads might attain under favorable conditions, and, if unrestricted in value, the opportunity thereby afforded the dishonest debtor to defraud his creditors.

Whatever may be said of the sufficiency of the reason given for limiting the value of one kind of homestead and leaving the other one without limitation as to value the court has nothing to do. That was a matter of public policy, clearly within the jurisdiction of the constitutional convention, and the only thing the court has to do when the question is raised is to ascertain with certainty, if possible, the intention of the framers of the Constitution and to so declare it. In this instance there seems to be no doubt that it was the intention of the framers of the Constitution that there should be no limitation of value on the rural homestead. Section 303, Williams' Okla. Const., protects the homestead from forced sale except for debts therein specified.

In the case of Gray v. Deal et al., 50 Okla. 89, 151 Pac. 205, it was decided that the homestead was exempt from judgment lien for debts other than those enumerated in section 303, and that the homestead might be sold and clear title conveyed free from all other judgment liens. The second and third paragraphs of the syllabus in that case are as follows:

"The homestead exemption in the Oklahoma Constitution (section 303, Williams' Okla. Const.) protects the homestead of the family from forced sale for the payment of debts and from judgment liens, except for the purchase money, taxes, and work and material,

and a debt created by mortgage executed by husband and wife.

"The homestead may be sold and conveyed by the husband and wife jointly, and the purchasers will take the title free and clear from all judgment liens or debts, except those enumerated in the homestead exemption clause of the Constitution."

We conclude that the trial court was right in sustaining the demurrer to the answer in the instant case, and that the exceptions should be overruled, and the judgment appealed from affirmed.

By the Court: It is so ordered.