**GARRISON et al. v. CARL et al.**

No. 6622—Opinion Filed May 29, 1917.

(166 Pac. 152.)

(Syllabus by the Court.)

**1. Homestead—Liens Upon—Judgment.**

Judgments do not become liens upon the homestead of the judgment debtor when filed in the office of the clerk of the district court pursuant to Rev. Laws 1910, sec. 5148, but

the same, on the death of the judgment debtor, passes to his administrator to be administered upon as other property of the deceased.

## 2. Homestead—Exemptions.

The homestead exemption in the Oklahoma Constitution, art. 12, sec. 2 (section 303, Williams' Okla. Const.), protects the homestead of the family from forced sale for the payment of debts and from judgment liens, except for the purchase money, taxes, and work and material, and a debt created by mortgage executed by husband and wife.

Error from District Court, Wagoner County; Fred P. Branson, Judge.

Final accounting by G. D. Carl, administrator of the estate of Martha J. Wade. The claims of the opponents Kathleen Garrison and another were by the county court held inferior to other claims, and a similar judgment being rendered on appeal to the district court, opponents bring error. Reversed and remanded, with directions.

McAdams & Haskell, for plaintiffs in error.

W. T. & A. C. Hunt and Watts & Malony, for defendants in error.

TURNER, J. On December 5, 1913, G. D. Carl, administrator of the estate of Martha J. Wade, deceased, in the county court of Wagoner county, filed his final account showing, inter alia, that he had approved and paid, out of the proceeds of the sale of lots 30 and 31 in block 340 in Wagoner, Okla., belonging to the estate of his intestate, which was insolvent, 88 per cent. in full of the claims of Chesnutt-Gibbons Grocer Company and J. B. Welton, defendants in error, to the exclusion of the claim of Kathleen and Harvey Garrison, administrators of the estate of G. W. Garrison. The cause was tried on exceptions of the Garrisons to the report and the facts agreed, which were substantially:

That on October 13, 1908, the Chesnutt-Gibbons Grocer Company lodged a judgment against Martha J. Wade in the county court of Wagoner county for $410.40, and filed a transcript thereof in the office of the clerk of the district court of said county on October 1, 1910. On November 14, 1909, J. B. Welton also lodged a judgment against her before a justice of the peace in said county for $84.87, and filed a transcript thereof in the office of the clerk of the district court of said county on October 1, 1910. Later, at the suit of the judgment debtor the district court of that county enjoined the sheriff from selling lots 30 and 31 in block 340 in the city of Wagoner to satisfy said judgments, on the ground that the lots were occupied by her as her homestead, and hence were exempt from sale to satisfy the lien of the judgments. She died intestate October 24, 1910. On Decem-

ber 17, 1910, no administrator having been appointed, said judgment creditors revived the judgments in the name of her heirs, that is, her children, Grace Koonce, nee Wade, and Oscar Wade. Personal service of notice to revive was had upon Grace and service by publication upon Oscar, which said service was based on the affidavit of the attorney for the judgment creditors, alike in both cases, as follows:

"I, W. T. Hunt, do solemnly swear that I am the attorney of record for Chesnutt-Gibbons Grocer Company, and that the same is a corporation; that Oscar Wade is an heir at law and a representative of the defendant, Martha J. Wade, deceased; that said Oscar Wade is a nonresident of the state of Oklahoma, and his residence is unknown to affiant."

On February 20, 1911, G. D. Carl was appointed administrator of the estate of Martha, and, subsequent thereto, the lots were again levied upon by said judgment creditors, whereupon Grace filed her petition praying that the district court again enjoin the sheriff from selling the lots to satisfy the judgments, which the court refused to do, being of the opinion that the judgments had been regularly revived against Grace and Oscar Wade as the only heirs at law of the judgment debtor; that the lots were no longer exempt as a homestead, but were subject to sale to satisfy the lien of the judgments sought to be enforced. This judgment was never appealed from.

On December 5, 1905, Geo. W. Garrison lodged a judgment in the district court of Oklahoma county against Martha J. Wade in the sum of $5,831.35 and died, whereupon Harvey D. Garrison and Kathleen Garrison were appointed administrators of his estate, and on April 10, 1911, caused to be entered an order in the district court of Oklahoma county, reviving said judgment in their names as such against G. D. Carl as administrator of the estate of Martha J. Wade. The order of revivor was duly served upon Carl as such and the claim duly presented and approved; the administrator also allowed and approved the claims of the other judgment creditors mentioned. There is no question that Martha died a widow and not the head of a family; that Grace and Oscar were her only heirs at law; that both were adults; and that she was under no legal or moral obligation to support them. On this state of facts the county court held that the claims of the Chesnutt-Gibbons Grocer Company and J. B. Welton were liens upon the lots prior to that of the Garrisons as administrators, and ordered that the administrator, who had sold the lots, pay the same out of the proceeds of this sale before paying or allowing anything

upon the claim of the Garrison estate. On trial anew in the district court upon the same facts, a like judgment was rendered and entered, and the Garrisons bring the case here.

Assuming that the lots in controversy were the homestead of Martha at the time the Chesnutt-Gibbons Grocer Company and the J. B. Welton judgments were lodged against her, and that the district court held them so to be at her suit to enjoin their sale to satisfy said judgments, those judgments were not then, and never became, liens upon the lots, notwithstanding transcripts thereof were filed in the office of the clerk of the district court, but, upon the death of Martin, passed to her administrator to be administered upon as other property of the deceased.

This case is ruled by Gray v. Deal et al., 50 Okla. 89, 151 Pac. 205, Gerlach Bank v. Allen, 51 Okla. 736, 152 Pac. 399, and Hedgpath v. Hudson et al., 61 Okla. 121, 160 Pac. 604. In the former case, in the syllabus, this court, speaking through Galbraith, C., said:

"The homestead exemption in the Oklahoma Constitution (section 303, Williams' Okla. Const.) protects the homestead of the family from forced sale for the payment of debts and from judgment liens, except for the purchase money, taxes, and work and material, and a debt created by mortgage executed by husband and wife."

And, after quoting Rev. Laws 1910, sec. 3832, which says, "A lien is a charge imposed upon specific property, by which it is made security for the performance of an act," in the body of the opinion says:

"This definition of a lien seems to negative the idea of a dormant lien, and to support the theory that a lien, if it exists at all, must be active. It would seem that, if a lien is a charge against specific property, and is made a security for the performance of the act, i. e., for the payment of debt, from the date such lien attaches, then, if at any time it becomes dormant, it ceases to be a lien. The constitutional provision is that the homestead of the family 'shall be and is hereby protected from forced sale, for the payment of debts,' etc. If the homestead is protected from forced sale, for the payment of debts, surely no judgment lien, whether dormant or not, can attach thereto. The word 'protect' means to 'insure or shield from danger, harm, damage, trespass, insult, temptation, or the like.' 'Defend' is another definition. 'To preserve in safety' is a further definition. If the homestead is 'protected,' it is 'preserved in safety' from judgment liens, and cannot be made subject to the payment thereof. It is admitted that the judgment lien cannot attach while the property is occupied and used as a homestead; that being true, it cannot attach when the property is sold, because it does not then belong to the judgment debtor. It follows from a lib-

eral, if not a literal, construction of the homestead exemption that a lien cannot attach to the homestead at all."

It follows that neither the lien of the grocer company nor of Welton could attach to these lots while occupied and used by Mrs. Wade as a homestead, and if they could not then attach, neither can they attach when she dies. This for the reason given in that case where the homestead was sold—they no longer belong to the judgment debtor. It also follows that the judgments in question did not become liens upon the homestead in question, although filed in the office of the clerk of the district court pursuant to Rev. Laws 1910, sec. 5148, and that the court erred in rendering the judgment complained of. It is unnecessary to consider the remaining assignments of error.

The cause is reversed and remanded, with directions to proceed according to the views herein expressed.

All the Justices concur.