**STATE NAT. BANK v. LOKEY et ux.**

No. 15827—Opinion Filed Sept. 29, 1925.

**1. Appeal and Error—Necessity for Objections Below.**

Where a proposition of law is not raised in the trial court either directly or by implication, and no objection or exception made or saved, there is nothing for this court to review, and the question cannot be presented in this court for the first time.

**2. Homestead—Benefits of Exemption for Entire Family — Immaterial Which Spouse Owns Title.**

The benefits of a homestead exemption

provided by article 12 of the Constitution, and section 6595, C. S. 1921, are not reserved to the head of the family alone, but to the entire family without regard to whether the husband or the wife is the owner of the title.

### 3. Same—Exemption Not Waived by Failure to Urge Before Execution Issued.

Where an execution is issued on certain real property to satisfy a judgment, and where the judgment debtor and his wife file a motion to quash the execution upon the ground that the property sought to be levied upon is the homestead of the family, the fact that the homestead character of the property involved was not raised by the judgment debtor in the original action in which the judgment was obtained or in a subsequent action between the judgment creditor and the garnishee did not estop the judgment debtor and his wife from asserting such claim upon the issuance of the execution.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by State National Bank against W. H. Lokey and Emma V. Lokey. Judgment for defendants, and plaintiff appeals. Affirmed.

Goode & Dierker, for plaintiff in error.

Joe M. Adams and W. S. Chapman, for defendants in error.

Opinion by PINKHAM, C. This action was instituted in the superior court of Pottawatomie county by the State National Bank of Shawnee, plaintiff in error, as plaintiff, against the defendant in error, W. H. Lokey, as defendant, and on the same date and in said cause, an order of garnishment was issued directed to the Shawnee National Bank as garnishee of defendant, W. H. Lokey.

The plaintiff, State National Bank, recovered a judgment against the defendant W. H. Lokey, upon its first cause of action in the sum of $866.20, together with interest and attorney's fees, and upon its second cause of action in the sum of $3,620.63, together with interest and attorney's fees, and it was in said judgment further decreed that the answer theretofore filed by the Shawnee National Bank, garnishee therein, be taken as true and that the amount of money, to wit, $1,310.36, held by the garnishee, belonging to said defendant W. H. Lokey, be paid over by said garnishee to the plaintiff, and said garnishee, the Shawnee National Bank, having answered that it was

holding as a pledge a certain certificate of purchase in the name of D. D. Goodrich, for the benefit of W. H. Lokey, covering 160 acres of land described therein, it was ordered that appropriate proceedings be had to subject said lands to sale and to apply the proceeds in satisfaction of said judgment. This judgment was never appealed from and became, and is, a final judgment. The defendant in error, Emma V. Lokey, was not a party to this judgment.

Thereafter, and in pursuance of the directions contained in said judgment, an execution was issued out of the superior court on the 4th day of December, 1923, which execution was later returned by the sheriff of Lincoln county, for the reason that the sale of said lands thereunder had been enjoined by the district court of Lincoln county.

Thereafter, a special execution was issued out of said court on January 29, 1924, under the directions of which the said lands were again levied on by the sheriff of Lincoln county, and thereafter, and on February 15, 1924, the defendant W. H. Lokey and his wife, Emma V. Lokey, filed their motion to quash the levy of said execution on the grounds that said premises were the homestead of movants, which was verified by the defendant W. H. Lokey, to which motion the plaintiff, State National Bank, answered, pleading, first, a general denial; and second, estoppel.

The case came on for hearing on the issues thus joined by defendants' motion to quash and plaintiff's answer thereto on the 28th day of February, 1924. The court, after taking same under advisement, rendered its judgment finding said premises to be the homestead of said defendants and quashed the said execution and levy thereof. From this judgment the State National Bank appeals.

For reversal of the judgment plaintiff relies mainly upon the following propositions: First, that the defendant Lokey (meaning, we assume, W. H. Lokey) was estopped from claiming these lands as a homestead by reason of his failure to timely assert their alleged homestead character; second, that Emma V. Lokey had no standing in this case, not being an original party, not having, under order of the court, been given leave to intervene, not being, under the law, the head of the family, and therefore having no right to assert a homestead character in this land, and none of her evidence was therefore competent; third, that said lands were not the homestead of defendants.

In support of the first proposition, numerous cases are cited in plaintiff's' brief to the effect that a judgment rendered by a court of competent jurisdiction on the merits is a bar to any future suit between the same parties or their privies on the same cause of action, so long as the judgment remains unreserved. (Cressler v. Brown, 79 Okla. 170, 192 Pac. 417.) The rule announced in the above case and in other decisions of the same import referred to in plaintiff's brief is not, we think, applicable to the facts disclosed by the record in the instant case. This was an action originally brought by the plaintiff against the defendant W. H. Lokey, upon its petition, which sets out two causes of action, one for $800, evidenced by a promissory note, with interest and attorneys' fees, and a second cause of action on a promissory note for $3,415.06, with interest and attorneys' fees. The defendant W. H. Lokey answered by general denial and failure · of consideration. It is not contended that the defense of homestead exemption could have been made to the plaintiff's petition. The argument is that if the land involved was W. H. Lokey's homestead, that question should have been raised at the time of filing of the garnishee's answer on April 10, 1923, or at least not later than September 22, 1923, the date of entering judgment ordering the land sold in satisfaction of the said judgment. It is true that upon the trial of the issues between the plaintiff and the garnishee, the defendant W. H. Lokey attended the hearing and testified therein, having been called by the plaintiff and interrogated by it. It is also true that in that action the defendant W. H. Lokey could, by virtue of the provisions of section 4831, Comp. St. 1921, have defended on the ground of the exemption of the property in question and that he did not do so. We cannot, however, agree with plaintiff's contention that because the defendant W. H. Lokey failed to claim the homestead exemption upon the trial of the issues between plaintiff and garnishee, that therefore the defendant in error Emma V. Lokey had no standing in this case, not having, under order of the court, been given leave to intervene, as contended by plaintiff in its second proposition.

The record discloses that on February 15, 1924, the defendants in error W. H. Lokey and his wife, Emma V. Lokey, filed their motion to quash the levy of the special execution because the land in question was the homestead of the movants. The plaintiff answered this motion, which answer consists of a general denial as to both defendants, and a plea of estoppel as against the defendant W. H. Lokey. Nowhere in the plaintiff's answer does it raise the question under consideration "that Emma V. Lokey had no standing in this case, not being an original party, not having, under order of the court, been given leave to intervene." Furthermore, upon the final hearing and trial of the defendant's motion to quash, and after the movants had called and offered their first witness, counsel for plaintiff made the following objection: "The plaintiff objects to the introduction of any testimony in support of the motion for the reason that the motion on its face shows that the movants have no title to this property and seek to impress a homestead on property which by their motion, they show they do not own." The objection was overruled. An examination of the record fails to disclose that the plaintiff ever asserted or contended in the trial court that Emma V. Lokey has no standing in this case because she was not an original party and not having, under the order of the court, been given leave to intervene.

So far as we are able to discover, the question of Emma V. Lokey's right to be heard was never raised, either directly or by inference, in the trial court, by motion, demurrer, objection, or otherwise. We think it is too late to raise that question here.

Where a proposition of law is not raised in the trial court, either directly or by implication, and no objection or exception made or saved, there is nothing for this court to review and the question cannot be presented in this court for the first time.

In 3 C. J. 746, it is said:

"When an objection is made, the trial court and opposing counsel are entitled to know the ground upon which it is based so that the court may make its ruling understandingly, and so that the objection may be obviated if possible. * * * The appellate court will not review a question not raised in the court below with sufficient definiteness to make it clear that there was no misunderstanding of the point ruled on." Citing, among many other cases, Enid, etc., R. Co. v. Wiley, 14 Okla. 310, 78 Pac. 96.

In the case of Hutchison v. Brown, 66 Okla. 250, 167 Pac. 624, the court said in the third paragraph of the syllabus:

"On appeal to this court, an assignment of error will not be considered by this court when it is not clearly shown by the record that the proposition involved was presented to the trial court, or that the trial court

had the opportunity to pass upon the question before its final action in the cause."

It is further contended that the defendant in error Emma V. Lokey not being under the law the head of the family, and therefore having no right to assert a homestead character in this land, none of her evidence was therefore competent. It appears that Emma V. Lokey testified without objection on the part of the plaintiff, and was cross-examined by plaintiff, and no motion made to exclude her testimony; but aside from this we think it clear that she could assert her homestead exemption.

Section 6595, Comp. St. 1921, provides:

"The following property shall be reserved to the head of every family residing in the state exempt from attachment or execution and every other species of forced sale for the payment of debts, except as hereinafter provided:

"First. The homestead of the family which shall consist of the home of the family whether the title to the same be lodged in or owned by the husband or wife."

In Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681, the court said, in the 20th paragraph of the syllabus:

"The homestead interest is jointly vested in the husband and wife for the benefit of themselves and family, without regard to which spouse owns the title to the land; the homestead interest is a creature of the Constitution and statutes, nothing like it being known at common law: it is a special and peculiar interest in real estate; it is not a mere inchoate interest in either spouse, to become vested upon the death of the other; this joint right is paramount to the individual rights of either, and being incapable of division and partition between husband and wife, it cleaves and adheres so closely to the title to the land itself that it cannot be dissociated therefrom by a mortgage foreclosure sale under a court decree to which either husband or wife is not a party."

In Whelan v. Adams, 44 Okla. 696, 145 Pac. 1158, this court said:

"It must be remembered that it (meaning the homestead) is not the homestead of the husband alone, though the title be in his name; it is the homestead of the family, made so by the Constitution."

As before stated, Emma V. Lokey was not a party to the action in which a judgment was rendered against W. H. Lokey, and she was not estopped to assert her interest in the land involved as the family homestead as she did in joining with her husband in the motion to quash the special execution.

The last contention made is that said lands were not the homestead of the defendants. There is no dispute as to the fact that many years prior to 1920, the property in question was owned by the defendant W. H. Lokey, and that it was occupied by the defendants as their home, where they had reared and married off their children, but that some ten years prior to the trial of the case they moved away, still retaining title to the property, to which they returned from time to time. The farm in question, it appears, was occupied by some of the defendants' married children part of the time.

Mrs. Lokey testified that:

"We did not move out there, but we went out and kept the orchard trimmed and terraced and improved, improvements kept up. It was our home, but we were not able to farm it."

There was evidence from which it may be fairly inferred that the defendants owned no other homestead up to the year 1920, at which time the property was sold. It further appears that during the year 1923, the defendant W. H. Lokey purchased back this property with the intent to remake it the home of himself and wife. It further appears that for the year 1923, the property was leased or rented to a tenant whose term did not expire until January, 1924, and was so leased and rented at the time the same was purchased back by the defendant. That defendants were prevented by this lease from moving on this property until January, 1924, clearly appears from the evidence, and it also appears that they were further prevented later from moving to the farm by the illness of Mrs. Lokey. There is evidence to the effect that the defendants were preparing to build a house upon the property to take the place of the house that had burned down in the year 1923. That it was the fixed intention of W. H. Lokey and Emma V. Lokey, his wife, to make the premises involved their homestead, and that they had never abandoned that intention, we think clearly appears from the evidence. Under this state of facts, we think the evidence was sufficient to support the judgment of the trial court that the property in question constituted the homestead of these parties.

In McFarland v. Coyle, 69 Okla. 248, 172 Pac. 67, this court says in the syllabus:

"A purchase of a homestead within the statutory limitation as to quantity and value with the intention in good faith of presently residing on it, or residing thereon as soon as some temporary obstacle to such residence can be removed, or some necessary preparation for same can be made, is equivalent to actual occupancy of the residence, and said

property is exempt from lien, levy, or forced sale."

This case is cited by counsel for plaintiff among other decisions of this court, including Johnson v. Johnston, 82 Okla. 258, 200 Pac. 204. In the Johnson Case, supra, this court, in the first paragraph of the syllabus, says:

"Intention is the primary element necessary for the purpose of impressing the homestead character upon land prior to actual occupancy. This intention must be manifested by such acts as to give at least reasonable notice of that ·intention. The purpose of the law is that such open evidence as this intention should be shown as to prevent the claim of this right as a shield for fraud. This intention should not only be in the mind of the party but should be evidenced by some unmistakable acts showing an intention to carry out such a design."

We think the evidence offered by the movants, defendants in error, amply sufficient to bring them within the ruling announced in the cases cited.

Finding no error in the case, we think the judgment of the trial court should be affirmed.·

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. pp. 689, § 580, 742, § 636 (2) 29 C. J. p. 853, § 181; anno. 56 L. R. A. 40; 8 L. R. A. (N. S.) 565; 13 R. C. L. p. 545; 3 R. C. L. Supp. p. 61; 4 R. C. L. Supp. p. 823. (3) 29 C. J. p. 97, § 422.