Note.—See under (1) 34 Cyc. p. 122; 23 R. C. L. p. 39; 3 R. C. L. Supp. p. 1310; 6 R. C. L. Supp. p. 1356. (2) 34 Cyc. p. 125; 23 R. C. L. p. 40.

---

## WARD v. McKEE.

No. 18027. Opinion Filed April 10, 1928.

(Syllabus.)

**Homestead—Homestead not Subject to Sale for Delinquent Personal Taxes.**

By reason of section 2 of article 12 of the Constitution of Oklahoma and section 6595, C. O. S. 1921, providing that the home-stead of the family shall be exempt from forced sale except for purchase money therefor, taxes due thereon, and for work and material used in constructing improvements thereon, the homestead of the family is not subject to sale for delinquent personal taxes.

Error from District Court, Cherokee County; J. T. Parks, Judge.

Action by Hattie McKee against Henry Ward, delinquent personal tax collector. Judgment for plaintiff, and defendant appeals. Affirmed.

Bruce L. Keenan and W. W. Miller, for plaintiff in error.

Couch & Morgan, for defendant in error.

PHELPS, J. The sole question presented by this appeal is whether, under the Constitution and statutes of this state, the homestead of the family is subject to sale for delinquent personal taxes. The district court of Cherokee county answered the question in the negative and granted an injunction prohibiting the sale.

Section 2, article 12, of the Constitution of Oklahoma provides that:

"The homestead of the family shall be, and is hereby protected from forced sale for the payment of the debts, except for the purchase money therefor or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon. * * *"

Vitalizing this section of the Constitution the action of the Legislature is reflected in section 6595, C. O. S. 1921, where it is provided:

"The following property shall be reserved to the head of every family residing in the state exempt from attachment or execution and every other species of forced sale for the payment of debts, except as hereinafter provided. * * *"

The exceptions are found under section 6600, C. O. S. 1921, wherein the following language is used:

"The exemption of the homestead provided for in this chapter shall not apply where the debt is due:

"First. For the purchase money of such homestead or a part of such purchase money.

"Second. For taxes or other legal assessments due thereon.

"Third. For work and material used in constructing improvements thereon."

In support of their contention that the homestead is not subject to sale for delinquent personal taxes, in their briefs counsel for defendant in error say:

"In construing these provisions for exemption of homestead, we submit that the Constitution exempts the homestead from forced sale except for the purchase money of the same, or a part of said purchase money, or for taxes due thereon, or for work and materials used in constructing improvements thereon. It is clear that each of these exceptions deals specifically with the homestead, that tract of land itself. And also, if 'improvements thereon' is limited to improvements for, or on, the homestead itself, then 'taxes thereon' relates back to 'homestead.' Our contention is that it is as logical to say that the homestead is subject to forced sale for improvements made on other property, as to say that the homestead is liable for taxes assessed and levied on property other than the homestead. In other words, 'thereon' when used with 'taxes' is

used in the same sense, and with the same meaning, as when it is used with 'improvements'; 'thereon' restricts the one the same as it does the other."

Section 9601, C. O. S. 1921, provides the method for collecting taxes on personal property in case of the sale of such personal property, and section 9724, C. O. S. 1921, provides that:

"* * *Taxes due from any person upon personal property shall be a lien for a period of two years upon real property owned by such person in the county where the taxes are levied * * *"

—but our conclusion is that to sell the homestead under such lien would be, in effect, a forced sale such as is prohibited by the provision of the Constitution.

In Alton Mercantile Co. v. Spindel, 42 Okla. 210, 140 Pac. 1168, this court said:

"The homestead of a family, whether title to the same shall be lodged in or owned by the husband or wife, shall be reserved to every family in the state, exempt from attachment or execution, and every other species of forced sale for the payment of debts."

It was evidently the intention of the makers of the Constitution and the legislators to protect the homestead of the heads of families against forced sale under execution or process except for taxes due thereon, purchase money, or for work and materials for improvements thereon.

Counsel do not favor us with citation of authorities in this jurisdiction, but in their brief say:

"The Texas Constitution is in substance the same as the Oklahoma Constitution. In Lufkin v. Galveston, 58 Tex. 545, the court held that an assessment for a sidewalk was a tax and the homestead was liable therefor. Later, in Higgins v. Bordages, 88 Tex. 458, 53 A. S. R. 770, the court overruled the Lufkin Case on the grounds that 'taxes due thereon' refer to ad valorem taxes and that a sidewalk assessment is not a tax."

The fact that authorities are not cited leads us to assume that there are none, and, this question being before this court for the first time, we are confronted with the necessity of placing our construction upon this clause of the Constitution and this section of the statutes, guided by the light of reason and justice, without the aid of adjudicated cases, and by our ideas of what the intention of the lawmakers was. Thus guided, we reach the conclusion that the judgment of the district court of Cherokee county must be affirmed, and it is so ordered.

BRANSON, C. J., and LESTER, HUNT, CLARK, and RILEY, JJ., concur.