## UTAH BUILDERS' SUPPLY CO. v. GARDNER.
No. 5445.   Decided March 15, 1935.   (42 P. [2d] 989.)

For former opinion, see 86 U. 250; 39 P. (2d) 327.

*O. H. Matthews*, of Salt Lake City, for appellant.

*Thomas & Thomas*, of Salt Lake City, for respondent.

FOLLAND, Justice.

A decision in this case was heretofore rendered and is published in 86 U. 250; 39 P. (2d) 327. In view that a petition for a rehearing has been filed, supported by rather vigorous briefs wherein it is insisted we have misconceived the meaning of certain cases cited in support of our conclusions, we deem it advisable to further express our thoughts.

Respondent has undertaken to distinguish the case of *Payson Exch. Sav. Bank* v. *Tietjen*, 63 Utah 321, 225 P. 598, from the facts of the instant case. We recognize the difference. That was a suit to set aside a conveyance alleged to have been made in fraud of creditors, while this is one for foreclosure of a mechanic's lien. In that case the defendant Tietjen had available to him the defense that his property, afterwards claimed as a homestead, was at the time of his conveyance his homestead, and for that reason he had a right to convey it away with or without consideration, and such conveyance was not in fraud of creditors, since creditors would have no right to subject his homestead to the lien of their judgments. The defense of homestead would have been a complete defense to the action. *Traders' Nat. Bank of Spokane* v. *Schorr*, 20 Wash. 1, 54 P. 543, 72 Am. St. Rep. 17. Tietjen did not see fit to make such defense, and the judgment went against him. Title to the property was revested in him and the property ordered sold in satisfaction of the judgment. He set up the claim that the property was his homestead when the sheriff, armed with an execution under the order of sale, attempted to sell it in satisfaction of the judgment. This court held his claim of homestead was timely made. In that case, however, this court did not adopt or follow the doctrine of the Washington case last cited, that where the debtor, in an action to set aside a conveyance in fraud of creditors, permits judgment to be rendered subjecting his entire interest

in the land to the satisfaction of the judgment without asserting his right of homestead, the judgment is final as to that issue, and the debtor cannot assert his homestead claim in any subsequent proceeding. The Tietjen Case is therefore an exception to the rule contended for by respondent, to the effect that

"a valid judgment for plaintiff is conclusive, not only as to the defenses which are set up and adjudicated, but also as to those which might have been raised, so that a defendant can neither set up such defenses in a second action between the same parties nor in a further proceeding in the same action."

The right to claim a homestead exemption is a right which the head of a family may assert to prevent sale under execution of his homestead at any time prior to the sale of the premises, unless such claim has been previously asserted and actually adjudicated against him. This is not a mere privilege conferred upon the head of a family, but an absolute right intended to secure and protect the home against creditors as a means of support to every family in the state, and the claim may be made at any time before sale or execution. *Kimball* v. *Salisbury*, 17 Utah 381, 53 P. 1037; *Folsom* v. *Asper*, 25 Utah 299, 71 P. 315. This court has previously held that an order of sale made by a court on foreclosure of a mechanic's lien is "clearly an execution sale within the meaning of the Constitution" and "it is obvious that the constitutional provision exempts a homestead from execution sale without restriction, limitation or exception of any kind. * * * When the people, through their Constitution, have spoken and have thus exempted the homestead from execution sales without exceptions of any kind, neither the Legislature nor the courts have power to subject it to any such sale." *Volker-Scowcroft Lumber Co.* v. *Vance*, 32 Utah 74, 88 P. 896, 899, 125 Am. St. Rep. 828. The Constitutions and statutes of some of the other states are radically different from our own, and, of course, where statutes differ there is of necessity a different construction. We

must give effect to our constitutional and statutory provisions according to their language and obvious intent. Our statute was enacted pursuant to section 1, art. 22, of our Constitution, which required the Legislature to provide by law for the exemption of a homestead "from sale on execution." The statutory language is of similar purport. Section 2898, Comp. Laws Utah 1917, as amended by chapter 71, Laws of Utah 1923, p. 142 (now R. S. Utah 1933, 38-0-1), provides that the homestead is "exempt from judgment lien and from execution or forced sale," except as otherwise provided. The exceptions are of no present importance. The right is a shield which may be raised to ward off the shafts or arrows of "execution or forced sale." It is not an estate in or a lien on the land, such as a life estate or a mortgage or lawful mechanic's lien.

We are not alone in the view we take in the construction and application of our statute. The Oregon court in *Johnson* v. *Tucker*, 85 Or. 646, 167 P. 787, 788, had before it a similar statute to the one before us. There the original suit was one of foreclosure of a mechanic's lien. After judgment and order of sale, suit was brought to enjoin the sale under execution and such injunction was granted. The judgment creditor then brought an original proceeding in the Supreme Court for a writ of mandate directed to the circuit court judges to revoke the decree of injunction. The Supreme Court announced the same view we hold with respect to the nature of the homestead right in denying the relief sought, as follows:

"The statute creating this exemption, after defining the right, gives, to the owner of the homestead the privilege of claiming the same at least as late as the levy of the execution. In any event he is not required to make the claim until after decree. It is a means of resistance against the execution. In a sense it is a post judgment privilege, and it is not required that the same shall be asserted as a defense against the cause of suit or action which ripens into a judgment or decree."

In that state the statute (L. O. L. § 221) merely provides that the homestead "shall be exempt from judicial sale," and

does not provide as our statute does that it is also exempt from judgment lien.

The petition for a rehearing is denied.

ELIAS HANSEN, C. J., and EPHRAIM HANSON, MOFFAT, and WOLFE, JJ., concur.