**HOME SAVINGS & STATE BANK, Trustee, v. UNION NAT. BANK et al.**

No. 25755. Nov. 26, 1935.

Rehearing Denied Jan. 28, 1936.

John R. Miller, L. O. Lytle, and Roy T. Wildman, for plaintiff in error.

M. E. Michaelson, for defendant in error Union National Bank.

Charles Pennel, for defendants in error Dirickson.

PHELPS, J. Clabe Dirickson and Rose B. Dirickson, husband and wife, bought a tract of land in Washington county in 1923 and mortgaged it to the Union National Bank, plaintiff in the trial court. This and other mortgages mentioned herein were filed for record at approximately the dates of their execution. Subsequently, in 1923, 1926, and 1929 they executed further mortgages, on the land and additional contiguous tracts, to the same bank. The mortgage of September 24, 1929, and also a subsequent mortgage of August 9, 1930, made by the Diricksons to the Union National Bank, were the subject of a foreclosure action filed in 1931 by said bank in the district court of Washington county.

In the petition it was alleged that Home Savings & State Bank (plaintiff in error) claimed some interest in the land superior to the lien of plaintiff's 1929 mortgage. The said Home Savings & State Bank then alleged, by way of answer, that in 1926 it filed in the district court of Washington county a transcript of a judgment it had obtained against the Diricksons in the district court of Osage county, and that said judgment became a lien against the land paramount to the September 24, 1929, mortgage of the plaintiff, and prayed for a decree accordingly.

The aforesaid judgment creditor, Home Savings & State Bank, appeals from a judgment of the trial court declaring the mortgage of the Union National Bank (the plaintiff) superior to its judgment lien.

Thus the situation is that, although the plaintiff in error filed its transcript of judgment in 1926 and the defendant in error Union National Bank filed its mortgages subsequent thereto, the latter were accorded priority over the alleged judgment lien.

The conclusion of the trial court was based upon its finding that the plaintiff in error's judgment transcript never constituted a lien, because the land involved was the homestead of the Diricksons at the time when the transcript was filed, and continued to be the homestead until the filing of the present suit. If this finding of fact is not against the clear weight of the evidence, the judgment must be affirmed.

The Diricksons filed their verified answer in which they alleged that the property was their homestead. In support thereof Clabe Dirickson, and also another witness, testified that the Diricksons bought the place with the intention of making it their homestead, and immediately improved the place by constructing a good home on it with hardwood floors, electric lights, gas heating, and other modern conveniences; that they built barns, garages, and other houses on the place, for the purpose of moving in and making the place their home; that they moved onto the place in the fall of 1923 and lived there nine or ten years, sent their children to school from that place, received their mail in a rural mail box in front of the place, voted in that precinct, and had no other residence property which they occupied as such between 1923 and 1931. As against this evidence, plaintiff in error offered a contradictory statement made by Mrs. Dirickson in a bankruptcy petition filed by her in the federal court, wherein she had stated that the Washington county land was not a homestead. The judgment of the federal court on that issue was not introduced in evidence. Mrs. Dirickson did not testify. On cross-examining Mr. Dirickson, the attorney for plaintiff in error elicited from him the information that at one time, after the filing of the present suit, there had been some talk of an arrangement between him and the mortgagee bank, that if he would claim the land as his homestead the bank would relieve him from obligation on some other notes which he owed the bank. The plaintiff in error failed in establishing that any such agreement ever did in fact exist, said evidence at its most warranting no greater inference than that such a matter had been discussed.

In our opinion the trial court was correct in declining to permit this evidence to nullify the undisputed testimony of Dirickson and others that the land was in fact occupied and used as a homestead from 1923 until the date of the filing of the suit. It does not seem to be denied by evidence that the premises were in reality the homestead, regardless of whatever contrary statements the parties may have made.

Though a judgment be obtained against the owners of a homestead, and recorded in the district court of the county wherein the homestead is situated, said judgment constitutes no lien against the homestead, unless by virtue of a mortgage, mechanic's lien, or other such lien duly provided for by law, not in contravention of our constitutional provisions relating thereto. Japp v. Sapulpa State Bank, 90 Okla. 56, 215 P. 1059; Gerlach Bank v. Allen, 51 Okla. 736, 152 P. 399; Garrison v. Carl, 64 Okla. 14, 166 P. 152.

The judgment is affirmed.

McNEILL, C. J., and RILEY, BUSBY, and CORN, JJ., concur.