**W. J. KELOUGH and Myrtle Kelough,
Plaintiffs in Error,**

v.

**Lewis E. NEFF, Defendant in Error.**
No. 39559.

Supreme Court of Oklahoma.

Feb. 19, 1963.

Rehearing Denied April 2, 1963.

Application for Leave to File Second Petition
for Rehearing Denied June 14, 1963.

James W. Pipkin, Marion R. Wells, Seminole, for plaintiffs in error.

R. O. Green, Joe M. Whitaker, Eufaula, for defendant in error.

HALLEY, Vice Chief Justice.

Lewis E. Neff, plaintiff below, filed suit on January 22, 1960, against defendants, W. J. Kelough and Myrtle Kelough, on three promissory notes and to foreclose three real estate mortgages which were alleged to have been executed as part of the same transactions, each mortgage covering. the same 80 acres of land belonging to defendants · in McIntosh County, Oklahoma.

Plaintiff's petition also prayed for foreclosing of a judgment lien on the land as a result of a personal judgment rendered in another case in his favor in the amount of $286.00 against defendants in the same court on July 12, 1957. The parties will be referred to by their trial court designations.

Personal service of summons was had on each of the defendants. There was nothing filed by either of the defendants. Plaintiff filed a motion for default judgment and the matter came on for hearing on July 25, 1960. The trial court found defendants to be in default. The journal entry of judgment reflects that witnesses testified and other evidence was received by the court and judgment was in accordance with the prayer of plaintiff's petition. On January 26, 1961, an execution and order of sale was made and filed.

On February 20, 1961, defendants filed their verified "petition to vacate judgment and to recall order of sale." On the same date plaintiff entered his appearance by filing a general demurrer to the defendants' petition. The trial court sustained the demurrer. Defendants elected to stand on their petition, which the court thereupon dismissed. Defendants bring this appeal on the original record.

■ Defendants cite Fowler v. Van Francis Typesetting Co., Okl., 362 P.2d 107, wherein we held in the syllabus:

"The demurrer admits the truth of the allegations of the petition. The petition must be liberally construed in favor of the pleader for the purpose of the demurrer. If the petition states any facts entitling the defendant to any relief, it was error to sustain the general demurrer."

The plaintiff does not find fault with the rule just stated, but indicates that the case is not applicable because of the difference in the allegations of the petition in that case and the case at bar. The rule of law is sound and we must apply it to any petition. We are therefore bound, as the trial court was, to examine carefully the petition to vacate the default judgment in order to determine whether it states any facts entitling defendants to any relief. If it does, the trial court erred in sustaining the general demurrer. Carter v. Grimmett, 89 Okl. 37, 213 p. 732.

■ In regard to the 1957 personal judgment in favor of plaintiff against defendants, the journal entry of judgment entered by the trial court on July 25, 1960 in the instant case finds that the 1957 judgment constitutes a lien on the real estate owned by defendants. Defendants in their petition to vacate judgment and to recall order of sale allege that they are husband and wife; that they own and claim as their homestead the real estate involved; that they purchased it in 1953 and have continuously claimed and dedicated it as their homestead. These allegations state facts which, if true, (and for the purpose of the demurrer must be taken as true) would entitle defendants to some relief from the judgment as rendered herein. This is true because the personal judgment entered in 1957 against defendants cannot become a lien against defendants' homestead or the proceeds thereof. Japp v. Sapulpa State Bank, 90 Okl. 56, 215 P. 1059. Other cases in which we have held that a judgment does not constitute a lien against a defendant's homestead are Home Savings & State Bank v. Union Nat. Bank, 175 Okl. 559, 53 P.2d 695; McMullen v. Carlis, 133 Okl. 204, 271 P. 665; State Nat. Bank v. Lokey, 112 Okl. 82, 240 P. 101; Garrison v. Carl, 64 Okl. 14, 166 P. 152; Gerlach Bank v. Allen, 51 Okl. 736, 152 P. 399; Gray v. Deal, 50 Okl. 89, 151 P. 205.

■ We approve the view taken by the Supreme Court of Utah in the case of Utah Builders' Supply Co. v. Gardner, 86 Utah 257, 42 P.2d 989, 103 A.L.R. 932:

"The right to claim a homestead exemption is a right which the head of a family may assert to prevent sale under execution of his homestead at any time prior to the sale of the premises, unless such claim has been previously asserted and actually adjudicated

against him. This is not a mere privilege conferred upon the head of a family, but an absolute right intended to secure and protect the home against creditors as a means of support to every family in the state, and the claim may be made at any time before sale or execution. * * *"

Also in the petition to vacate the judgment it was alleged that in obtaining the judgment there was no compliance with the intangible tax law; that the plaintiff neither alleged nor proved such compliance and that therefore there was no authority to render the judgment. These allegations, along with others, admitted to be true by the demurrer, would entitle defendants to relief from the judgment rendered.

The order sustaining plaintiff's demurrer to defendants' petition and entering judgment for plaintiff is reversed and the trial court is directed to overrule the demurrer to the petition to vacate and proceed with said cause.