**In re David A. COCHRAN, Debtor.**

**Bankruptcy No. BK–96–11588–LN.**

United States Bankruptcy Court,
W.D. Oklahoma.

Jan. 21, 1997.

Thomas S. Bala, Oklahoma City, OK, for Debtor.

Lynn J. Bilodeau, Oklahoma City, OK, for Creditor.

### ORDER ON DEBTOR'S OBJECTION TO THE PROOF OF CLAIM

#### *FILED BY PAMELIA PARNELL*

PAUL B. LINDSEY, Bankruptcy Judge.

#### BACKGROUND

Debtor commenced this bankruptcy case on March 7, 1996 by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.[1] Debtor's proposed Chapter 13 plan, as amended April 18, 1996, provided as follows:

> "Pamelia A. Parnell is owed approximately $10,000 pursuant to a property settlement division in a divorce and contends that she has a lien on debtor's homestead. Debtor disputes any such lien and Ms. Parnell will be treated as an unsecured creditor and any claimed lien will be deemed extinguished upon confirmation of the plan."

---

1. References herein to statutory provisions by section number only will be to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.*, unless the context requires otherwise.

*See Second Amended Chapter 13 Plan,* at Article III, ¶ B. 1., *1st & 2nd Home Mortgages, Heat Pump & Former Spouse's Lien.*

On May 22, 1996, an order confirming debtor's amended Chapter 13 plan was entered. On July 1, 1996 Pamelia A. Parnell ("Parnell"), debtor's former spouse, filed a proof of claim in the total amount of $9,850 as a claim secured by a lien on debtor's real property, his residence.

On September 16, 1996 debtor filed his objection to Parnell's proof of claim, arguing that the underlying divorce decree simply created an obligation of debtor to pay $10,000 to Parnell, but that it did not grant a lien on debtor's real property to secure that obligation to pay the $10,000 to Parnell. Debtor alternatively argues that if the underlying divorce decree is construed to create a lien, such lien does not attach to debtor's real estate, which is his homestead. Finally, he argues that if Parnell is the holder of a lien which has attached to his homestead, the value of the homestead does not exceed the amount of the first mortgage, and therefore, pursuant to § 506, the claim filed by Parnell is wholly unsecured.[2]

On October 21, 1996 a hearing was held on debtor's objection to Parnell's proof of claim. At the conclusion of that hearing, after having heard the arguments of counsel, this court took the issue under advisement, and directed the parties to submit briefs on their respective positions. The parties have complied with the court's order and the matter is now ripe for determination.

**THE CONTENTIONS**

In his brief, debtor argues that the underlying divorce decree wholly failed to impose a lien on debtor's property to secure satisfaction of debtor's obligation to make payments to Parnell. He therefore asserts that the divorce decree granted only a money judgment to Parnell. Citing *Kelough v. Neff,* 382 P.2d 135 (Okla.1963) and *Sooner Federal Sav. & Loan Ass'n v. Mobley,* 645 P.2d 1000 (Okla.1981) as authority, he contends that a personal money judgment does not constitute a lien on a judgment debtor's homestead nor on the proceeds that may be subsequently derived from its sale. He further asserts that the decision of the Court of Appeals for the Tenth Circuit in *Burrus v. Oklahoma Tax Comm'n,* 59 F.3d 147 (10th Cir.1995) is, and properly should be, limited in its application to State and federal tax liens. He therefore urges that this court disallow Parnell's claim as a secured claim, and allow it only as unsecured.

In her brief, Parnell argues that Okla.Stat. tit. 12, § 706 authorizes the creation of a money judgment lien on the real property of a judgment debtor upon compliance with the provisions of that statute.[3] She asserts that, having complied with the requirements of

**2.** Section 506 provides in relevant part:

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to set off under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to set off, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to set off is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—

(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

**3.** Okla.Stat. tit. 12, § 706 (Supp.1997) provides in relevant part: This section applies to all judgments of courts of record of this state, and judgments of courts of record of the United States not subject to the registration procedures of the Uniform Federal Lien Registration Act, Section 3401 et seq. Of Title 68 of the Oklahoma Statutes, which award the payment of money, regardless of whether such judgments also include other orders or relief.

A. Creation of Lien. A judgment to which this section applies shall be a lien on the real estate of the judgment debtor within a county only from and after a Statement of Judgment made by a judgment creditor or his attorney, substantially in the form prescribed by the Administrative Director of the Courts, has been filed in the office of the county clerk in that county.

that statute, she is now the holder of a perfected lien on debtor's real property, including his homestead.

She further argues that under the Court of Appeals ruling in *Burrus*, a money judgment lien "attaches" to a judgment debtor's homestead, and is a valid and perfected lien even though it may not be immediately foreclosed. She therefore contends that debtor's objection to her proof of claim should be overruled, and that her claim be allowed as secured.

With respect to debtor's alternative argument that her claim is an unsecured claim pursuant to § 506, Parnell argues that debtor's argument, if true, somehow bolsters her contention that the award of $10,000 pursuant to the divorce decree represents a support obligation.[4]

## DISCUSSION AND DECISION

The issue before this court at this time is whether Parnell's claim based upon the $10,000 award to her in the divorce decree constitutes a valid and perfected lien on debtor's homestead. It is clear that the underlying divorce decree did not by its terms grant Parnell a lien to secure debtor's payment

obligation to her. It follows therefore that in the decree, Parnell was merely granted a money judgment. However, as is argued by Parnell, Okla.Stat. tit. 12, § 706.A. provides for the creation of a money judgment lien on the real property of a judgment debtor. The evidence shows, and debtor does not controvert, that Parnell complied with this provision.

The legal issue presented to this court is whether the lien created by Parnell's compliance with Okla.Stat. tit. 12, § 706.A. is valid in circumstances, as here, where the judgment debtor's only real property to which the lien might "attach" is his homestead, exempt under Oklahoma law.[5]

In *Burrus, supra,* the case on which Parnell relies, but which debtor urges must be distinguished and is therefore inapplicable, the Court of Appeals for the Tenth Circuit determined the priority between competing tax liens on the taxpayers' exempt homestead property filed by the Oklahoma Tax Commission and the Internal Revenue Service. In reaching its determination, the Court noted that the term "attachment" has more than a single meaning, and determined that the term, as used in the context of Okla.Stat. tit. 31, § 1 refers to the seizure and disposition

---

**4.** In her brief, Parnell states that on April 30, 1996, she filed a complaint objecting to the discharge of debtor's obligation to pay her the sum awarded in the divorce decree, and also objecting to confirmation of debtor's proposed Chapter 13 plan, Adversary No. 96–1164. She further states that on May 20, 1996 she filed a motion requesting leave of the court to amend her complaint to include a cause of action under § 523(a)(5) to determine the dischargeability of debtor's obligation created under the divorce decree, but that because the adversary proceeding was administratively closed, that motion was never heard by the court.

This court has reviewed the pleadings filed in the adversary proceeding, and notes that Parnell originally filed her complaint requesting that this court determine the dischargeability of the subject debt pursuant to §§ 523(a)(2) and (15). Such a determination would have had no effect or impact whatever upon debtor's discharge in a case under Chapter 13. The court also notes that in her motion to amend the complaint filed May 20, there is no indication whatever that she seeks to make a request for a determination under § 523(a)(5). A determination that her claim came within § 523(a)(5) would have resulted in the debt being nondischargeable in a Chapter 13 case. *See* § 1328(a)(2).

There having been no such request, this court entered its order administratively closing the case. At no time, therefore, has this court been requested to determine the dischargeability of the subject debt under § 523(a)(5). Nor has any request been made that this court determine whether the claim based on such obligation should be allowed priority treatment under § 507(a)(7).

The court further notes that both the motion for relief from stay and the objection to confirmation were inappropriately filed in the adversary proceeding, rather than in the bankruptcy case itself.

**5.** Okla.Stat. tit. 31, § 1.A. provides in relevant part: Except as otherwise provided in this title and notwithstanding subsection B of this section, the following property shall be reserved to every person residing in the state, exempt from attachment or execution and every other species of forced sale for the payment of debts, except as herein provided:

1. The home of such person, provided that such home is the principal residence of such person. *See also* Okla. Const. art. XII, § 2.

580

of a homestead, "a species of forced sale." The Court found that the purpose of the homestead exemption is to prevent the family home from being sold out from under the family. It therefore concluded that Okla. Stat. tit. 31, § 1 does not prevent the attachment of a state tax lien on the homestead as a provisional remedy, subject to the future sale of the property. *Burrus,* 59 F.3d at 150.

Parnell would have this court apply *Burrus* to this case and hold that her compliance with Okla.Stat. tit. 12, § 706.A. transformed her simple money judgment to a valid lien against debtor's homestead. Such a holding, in this court's opinion, would dramatically alter and virtually stand on its head the long-established law of the State of Oklahoma regarding money judgment liens. Further, such a holding would render virtually meaningless the Oklahoma constitutional and statutory provisions protecting the homestead. Most importantly, such a holding is neither compelled nor warranted in the circumstances before this court in this case.

The opinion of the Court of Appeals in *Burrus* begins with the following language:

This appeal presents a very narrow legal question: Do the Oklahoma Homestead laws, *see* Okla. Const. art. XII, § 2 (1992); Okla.Stat. tit. 31, § 1 (1981), which prevent Oklahoma from foreclosing on the principal residence of a debtor to satisfy a state tax lien but do not prevent the federal government from foreclosing on the same property to satisfy federal tax obligations, create an exception to the general rule ("first in time, first in right") that a prior state tax lien which is otherwise choate receives priority over a subsequently filed federal tax lien?

The Court of Appeals answers its own question in the negative. In its opinion, the court discusses only cases involving tax liens, the only reference to authorities not involving tax liens being a very general reference in a footnote.[6] The court in *Burrus* bases its

determination largely upon its analysis of the proper meaning to be given to the term "attachment," as it is used in the Oklahoma homestead provision. In support of its determination that a state tax lien may "attach" to homestead property, even though it may not be immediately enforced, the court makes the following statement:

There is nothing in the homestead law which would suggest that the state may not "attach" a lien on the homestead as a "provisional remedy" subject to the future sale of the property which would have no immediate impact on the family living within.

*Burrus,* 59 F.3d at 150.

In this court's view, the *Burrus* court, in opening its opinion, clearly stated that its ruling should be limited to the "very narrow legal question" presented to it, a question involving competing priorities of federal and state tax liens. Even in the absence of such a limiting statement, in the view of this court, precedents of long standing in the Oklahoma courts would have compelled such a limitation.

In *Kelough v. Neff, supra,* 382 P.2d 135 (Okla.1963), the court holds that a personal judgment entered against a husband and wife cannot become a lien against their homestead or the proceeds thereof. For this proposition, the *Kelough* court cites *Japp v. Sapulpa State Bank,* 90 Okl. 56, 215 P. 1059. The *Kelough* court adds:

Other cases in which we have held that a judgment does not constitute a lien against a defendant's homestead are *Home Savings & State Bank v. Union National Bank,* 175 Okl. 559, 53 P.2d 695; *McMullen v. Carlis,* 133 Okl. 204, 271 P. 665; *State Nat. Bank v. Lokey,* 112 Okl. 82, 240 P. 101; *Garrison v. Carl,* 64 Okl. 14, 166 P. 152; *Gerlach Bank v. Allen,* 51 Okl. 736,

**6.** The footnote referred to follows this statement by the court: "The clear import of the Homestead Exemption is to prevent the family home from being sold out from under the family." The footnote cites *Kelough v. Neff,* 382 P.2d 135 (Okla.1963) and *Ward v. McKee,* 130 Okla. 203, 266 P. 465 (1928), for the propositions, respec-

tively, that a head of family may assert a claim of homestead exemption at any time prior to the sale of the premises in order to prevent its sale, and that the authors of the Constitution and the legislative provisions intended to protect the homestead of the heads of families against forced sale. *Burrus,* 59 F.3d at 150 n. 1.

152 P. 399; *Gray v. Deal,* 50 Okl. 89, 151 P. 205.

*Kelough,* 382 P.2d at 136.

In *Garrison v. Carl,* decided in 1917, creditors had obtained judgments against a debtor, and had filed transcripts thereof with the clerk of the district court, in accordance with the then operative statutory provision for creating judgment liens. The debtor later obtained an injunction against the sale of certain city lots to satisfy the judgments, on the ground that the lots were occupied by her as her homestead that were hence exempt from sale to satisfy the lien of the judgments. The Debtor thereafter died, intestate. The judgment creditors revived the judgments in the name of the heirs of the debtor, and again executed upon the lots. The heirs sought an injunction against the sale of the lots, which was denied, the court concluding that the lots were no longer exempt as homestead, but were subject to sale to satisfy the lien of the judgments.

Another judgment creditor thereafter revived its judgment. The administrator of the debtor's estate allowed and approved the claims of all three judgment creditors. The county court held that the claims of the first two judgment creditors were liens against the lots prior to that of the third, and ordered that the administrator, who had sold the lots, pay the prior liens out of the proceeds of the sale before paying or allowing anything upon the claim of the third lien claimant. In a new trial in the district court, on the same facts, the same judgment was rendered, and the third lien claimant appealed.

The Oklahoma Supreme Court, assuming the lots were the homestead of the debtor at the time the first two judgments in question were entered, and assuming that the district court so held in enjoining their sale to satisfy the judgments, holds that "those judgments were not then, and never became, liens upon the lots, notwithstanding transcripts thereof were filed in the office of the clerk of the district court, but, upon the death of [the debtor], passed to her administrator to be administered upon as other property of the deceased." *Garrison v. Carl,* 64 Okl. at 16, 166 P. 152.

The *Garrison* court states that the case before it is ruled by *Gray v. Deal,* 50 Okl. 89, 151 P. 205; *Gerlach Bank v. Allen,* 51 Okl. 736, 152 P. 399, and *Hedgpath v. Hudson,* 61 Okl. 121, 160 P. 604. It then quotes extensively from *Gray v. Deal,* including the following:

.... The constitutional provision is that the homestead of the family "shall be and is hereby protected from forced sale, for the payment of debts," etc. If the homestead is protected from forced sale, for the payment of debts, surely no judgment lien, whether dormant or not, can attach thereto. The word "protect" means to "insure or shield from danger, harm, damage, trespass, insult, temptation, or the like." "Defend" is another definition. "To preserve in safety" is a further definition. If the homestead is "protected," it is "preserved in safety" from judgment liens, and cannot be made subject to the payment thereof. It is admitted that the judgment lien cannot attach while the property is occupied and used as a homestead; that being true, it cannot attach when the property is sold, because it does not then belong to the judgment debtor. It follows from a liberal, if not a literal, construction of the homestead exemption that a lien cannot attach to the homestead at all.

The *Garrison* court concludes its opinion, reversing and remanding the case to the district court, with the following language:

It follows that neither [of the earlier revived liens] could attach to these lots while occupied and used by [the debtor] as a homestead, and if they could not then attach, neither can they attach when she dies. This for the reason given in that case where the homestead was sold—they no longer belong to the judgment debtor. It also follows that the judgments in question did not become liens upon the homestead in question, although filed in the office of the clerk of the district court....

*Garrison v. Carl,* 64 Okl. at 16, 166 P. 152.

The fact that the Court of Appeals in *Burrus* does not discuss, or so much as acknowledge the existence, of these Oklahoma

Supreme Court precedents,[7] adds support to this court's conclusion that the application of *Burrus* must be limited, as the Court of Appeals opinion indicates, to the "very narrow legal question" which it decides.

This court therefore finds the *Burrus* decision to be inapposite to the issue confronting it in this case, finds the Oklahoma Supreme Court precedents cited and quoted from above to be controlling, and sustains debtor's objection to the claim of Parnell. Thus, Parnell's claim will be disallowed as a secured claim and allowed only as unsecured.

IT IS SO ORDERED.

7. The quotation from *Kelough* in a footnote, referred to above, was actually a quotation from

*Utah Builders' Supply Co. v. Gardner,* 86 Utah 257, 42 P.2d 989.